UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>    Plaintiff,<br><br>v.<br><br>BONNER COUNTY, IDAHO, a political subdivision; DAN McDONALD, in his individual and official capacities; JEFF CONNOLLY, in his official capacity, STEVEN BRADSHAW, in his official capacity; and BRAD PTASHKIN, in his individual and official capacities,<br><br>    Defendants. | Case No. 2:22-cv-00270-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff D. Scott Bauer's Expedited Motion for Stay of Proceedings ("Motion to Stay").[1] Dkt. 11. Having reviewed the record and briefs, the Court finds that the facts and legal argument are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion to Stay on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons set forth below, the Motion to Stay is GRANTED. The Court will

---

[1] This case was originally assigned to United States Magistrate Judge Debora K. Grasham. Pursuant to Bauer's request, Judge Grasham set an expedited briefing schedule on the Motion to Stay. Dkt. 12. The case was later reassigned to the undersigned at the request of one of the parties. Dkt. 18.

MEMORANDUM DECISION AND ORDER – 1

briefly stay this case while Defendant Bonner County resolves the issue of its appropriate representation.

## II. BACKGROUND

Despite being in its infancy, this case has presented a procedural quagmire the parties are unable to informally resolve. Specifically, there is a concern that the attorney who has appeared on behalf of all Defendants—Samuel T. Creason, and his law firm, Creason, Moore, Dokken & Geidl (collectively, "Creason")—is not authorized to represent Bonner County. Another attorney, Heather Yakely, of Kutak Rock, has also held herself out as representing Bonner County in this matter. The issue of Bonner County's appropriate representation is currently being litigated in Idaho state court.

### A. Factual Background

Bauer has served as the Chief Civil Deputy Prosecutor of Bonner County since 2020.[2] In this role, Bauer had the duty to provide legal advice and counsel to the Board of County Commissioners of Bonner County ("BOCC"), as well as to individual Bonner County Commissioners Dan McDonald, Jeff Connolly, and Steven Bradshaw, among others. In recent years, the BOCC pursued a desire to consolidate and centrally manage the electronic data of all of the various Bonner County offices, and to create a new Chief Information Officer ("CIO") position to manage this activity. Throughout 2020 and 2021, Bauer advised the BOCC and other elected officials regarding the appropriate storage of electronic information under Idaho law. Shortly thereafter, Defendant Brad Ptashkin was

---

[2] Bauer has served as a lawyer with the Bonner County Prosecuting Attorney's Office since 2007.

MEMORANDUM DECISION AND ORDER – 2

appointed as the CIO for the BOCC.

Bauer alleges that after Ptashkin was hired, Ptashkin and McDonald embarked on a concerted effort to resist and evade Bauer's legal advice. When they received push-back from Bauer, Ptashkin and McDonald purportedly engaged in a course of conduct to intimidate and harass Bauer, and to discredit his integrity and professional competence. On December 28, 2021, Bauer filed a grievance and harassment complaint ("Grievance") and a complaint and request for name clearing ("Name Clearing Request"), with Bonner County.[3]

The Director of Human Resources for Bonner County retained an independent law firm to thoroughly investigate Bauer's claims. Bauer contends McDonald, Connolly, Bradshaw, and Ptashkin (collectively the "Individual Defendants") refused to cooperate and engage with the investigation at any level. Instead, Bauer alleges the Individual Defendants did not allow, and purposefully blocked, the investigator's access to pertinent documents, records, and emails; denied access to Bonner County's computer systems; and confused and frustrated the proper procedure of the investigation. On or about May 11, 2022, the investigators issued their findings and report to the Director of Human Resources.[4]

On January 3, 2022, purportedly at the insistence of the BOCC, Bauer was removed as legal counsel to the BOCC and to all of its controlled departments in Bonner County.

---

[3] On January 2, 2022, Bauer filed an amended grievance and harassment complaint, as well as an amended name clearing request.

[4] The details of the findings and report are summarized in Bauer's Complaint, but are not relevant to the instant Motion to Stay.

MEMORANDUM DECISION AND ORDER – 3

Since this removal, Bauer alleges McDonald has continued to engage in a course of conduct to further interfere with, and impair, Bauer's employment with the Bonner County Prosecutor's Office.

Bauer filed the instant suit on July 1, 2022. Dkt. 1. Bauer has since filed a Motion to Amend (Dkt. 8), and two Amended Complaints. Dkt. 9; Dkt. 13.

### B. Background Relevant to Motion to Stay

When Bauer filed his Grievance and Name Clearing Request Bonner County, the Prosecuting Attorney of Bonner County, Louis Marshall, advised Bauer's counsel that Heather Yakely, of Kutak Rock LLP,[5] had been retained to represent the interests of Bonner County on all matters regarding Bauer's dispute. Bauer's counsel later conferred with Yakely in an effort to arrange a mediation. In the course of such discussions, Bauer's counsel was advised that Creason had been retained to represent some or all of the Individual Defendants, but that Creason had not been retained to represent Bonner County. Through Yakely, Bauer arranged a mediation of this dispute to take place on October 31, 2022.

Without service having been effected or accepted by any Defendant, Creason appeared and filed an Answer—purportedly on behalf of all Defendants—on August 19, 2022. Dkt. 6. Bauer's counsel attests that "[w]hen Mr. Creason filed an Answer to [Bauer's] Complaint on August 19, 2022 on behalf of all Defendants, it came as a complete

---

[5] The parties spell Yakely's surname as both "Yakley" and "Yakely." *See, e.g.*, Dkt. 11-1, at 2, 3; Dkt. 15, at 2, 3. According to the website for Yakely's law firm, the correct spelling is "Yakely." https://www.kutakrock.com/people/y/yakely-heather-c.

surprise to me." Dkt. 17, ¶ 11. Bauer's counsel accordingly sent Yakely an email informing her about Creason's filing and requesting clarification. On August 21, 2022, Yakely replied, stating that Creason had "acted unilaterally (with no legal authority)," that Creason's representation of all Defendants had not been agreed to by Bonner County, and that she "recommended filing [a] motion to have [Creason] removed." Dkt. 17, ¶ 12.

On August 23, 2022, Bauer's counsel had a telephone discussion with Creason to discuss scheduling and discovery. Creason advised Bauer's counsel that Yakely's involvement as counsel for Bonner County would be terminating. However, Bauer and his counsel subsequently learned that, on August 19, 2022, Creason had filed a Complaint for Writ of Prohibition in Idaho state court on behalf of the BOCC against Yakely. *Board of County Commissioners of Bonner County, Idaho v. Heather C. Yakely*, CV09-22-1117 (hereinafter "State Case"). The State Case alleges that the BOCC retained Creason to represent the Individual Defendants *and* Bonner County with respect to Bauer's claims. Dkt. 11-2, Ex. A at ¶ 3.4.

Shortly thereafter, Bauer and his counsel learned that Marshall—represented by Yakely—also filed a Complaint for Declaratory and Injunctive Relief against the BOCC and Creason, on August 25, 2022. *Bonner County and Louis E. Marshall v. Bonner County Board of Commissioners; Samuel Creason; Creason, Moore, Dokken & Geidl, PLLC*, CV09-22-1138. The Complaint for Declaratory and Injunctive Relief alleged both that solely Marshall has the authority to retain counsel for Bonner County, and that the BOCC and Individual Defendants—while represented by Creason—impeded and refused to cooperate with the investigation into Bauer's claims. Dkt. 11-2, Ex. B at ¶¶ 23–34.

MEMORANDUM DECISION AND ORDER – 5

On September 2, 2022, Yakely filed a Notice of Voluntary Dismissal of Bonner County and Marshall's Complaint for Declaratory and Injunctive Relief. No explanation was provided for the dismissal. While the Individual Defendants suggest—without citing any evidence—that Yakely has withdrawn from all representation of Bonner County (Dkt. 15, at 4), Bauer contends his counsel "has never been advised by Ms. Yakely or the Prosecuting Attorney of Bonner County that Ms. Yakely does not continue to represent the County . . . in its official capacity regarding [Bauer's] legal claims, or that she has been replaced by Mr. Creason, or that she has withdrawn from her representation of Bonner County in the instant action." Dkt. 17-1, at 7. Apparently, Marshall has retained separate counsel regarding the question of whether Creason has the authority to represent Bonner County in the instant action. As of September 26, 2022, Marshall's counsel has been engaging with Creason in an attempt to work out an informal resolution of this issue.

Defendant Bonner County was served with Bauer's Complaint, Amended Complaint, and the Court issued Summons on September 8, 2022. This was accomplished by personal service on the Bonner County Clerk. Prior to filing his August 19, 2022 Answer—purportedly on behalf of all Defendants—Creason was never asked to accept service of Bauer's Complaint or Summons on behalf of either Bonner County or the Individual Defendants. Dkt. 17, ¶ 16. Further, Bauer contends Creason has since stipulated to the filing of Bauer's Amended Complaint, attempted to engage Bauer's counsel in negotiating litigation and discovery plans, and now opposes Bauer's Motion to Stay, "all without lawful service and doubt as to his authority." Dkt. 17-1, at 5–6.

Bauer seeks a stay of the instant federal case while the dispute regarding whether Marshall—or the BOCC—have the authority to retain counsel to defend Bonner County against Bauer's claims is resolved in the State Case. The Individual Defendants oppose Bauer's Motion to Stay.[6]

### III. LEGAL STANDARD

The Individual Defendants suggest the Court should assess the Motion to Stay under the standard set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Dkt. 15, at 4. Pursuant to *Colorado River*, considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may support granting a stay when there is a concurrent state proceeding involving the same matter as that in the federal district court. *Id*. at 817–18 (cleaned up). The Supreme Court has stressed that the *Colorado River* exception to "the virtually unflagging obligation of the federal courts to exercise jurisdiction given them" is a narrow one. *Id*. As such, only exceptional circumstances justify a stay pursuant to *Colorado River*, and whether such circumstances exist is determined by weighing a variety of factors. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp*., 460 U.S. 1, 15–16 (1983).

The Ninth Circuit has identified eight factors to be considered in determining whether a *Colorado River* stay is appropriate:

---

[6] Although the Opposition to the Motion to Stay was filed on behalf of all Defendants, the Court refers to the arguments made in the Opposition as being raised by the Individual Defendants given the uncertainty regarding whether Creason has the authority to represent Bonner County.

MEMORANDUM DECISION AND ORDER – 7

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

A district court also maintains the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936)). The Supreme Court has explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254–55. A federal court may find "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863–64 (citations omitted).

In determining whether to grant a stay pursuant to its inherent authority, a district court must weigh competing interests. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). Such interests include: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party

may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Ultimately, the decision of whether to grant or deny a stay is committed to the district court's discretion. *Dependable Highway*, 498 F.3d at 1066; *Clinton*, 520 U.S. at 706–07 ("The District Court has broad discretion to stay proceeding as an incident to its power to control its own docket.").

## IV. DISCUSSION

The Individual Defendants argue the Court should assess Bauer's Motion to Stay under *Colorado River*, and suggest Bauer cannot show that any of the eight *Colorado River* factors weigh in favor of a stay. Dkt. 15, at 4–7. "The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *ScripsAmerica, Inc. v. Ironridge Glob. IV, Ltd.*, 56 F. Supp. 3d 1121, 1147 (C.D. Cal. 2014) (quoting *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005)). In the Ninth Circuit, "exact parallelism [between the federal and state suits] is not required. It is enough if the two proceedings are substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (cleaned up). The inquiry of whether the two proceedings are "substantially similar" examines whether the suits involve the same parties and the same claims. *ScripsAmerica*, 56 F. Supp. at 1147–48.

The instant federal suit involves Bauer's claims against Bonner County and the Individual Defendants. By contrast, the Writ of Prohibition filed in the State Case alleges

that the BOCC has the sole authority to retain counsel in the defense of all suits to which Bonner County is a party. *See generally* Dkt. 11-2, Ex. A. Bauer is not a party to the State Case and the parties in the State Case—the BOCC and Yakely—are not parties to the instant federal suit. When the federal and state suits involve different parties and different claims, *Colorado River* is inapplicable. *Unites States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1204 (9th Cir. 2021).

Further, the requirement of parallel state court proceedings also "implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for *all* of the parties' claims." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n. 4 (9th Cir. 1993) (emphasis added). Here, the State Case seeks an order commanding that Yakely "be absolutely restrained from further actions that purport to be on behalf of Bonner County with respect to Bauer's claims[.]" Dkt. 11-2, Ex. A at § V.2. The issue of Bonner County's appropriate representation in the instant federal suit will not resolve *any* of Bauer's claims against Bonner County or the Individual Defendants. In fact, the Individual Defendants admit the issues pending in the State Case "are unrelated to the laws and facts at issue" here, and that "the pending state court action would not adequately protect the interests of the federal litigants." Dkt. 15, at 6. As such, the Individual Defendants' focus on *Colorado River* is misplaced. *State Water Res. Control Bd.*, 988 F.3d at 1208 (finding a *Colorado River* stay was inappropriate where the district court did not have "full confidence" that the state proceeding would "end the litigation") (quoting *Intel Corp.*, 12 F.3d at 913). This case and the State Case are not parallel proceedings, and *Colorado River* is not the appropriate legal standard with which to assess Bauer's Motion to Stay.

MEMORANDUM DECISION AND ORDER – 10

Instead, the Court will consider Bauer's Motion to Stay under its inherent authority to stay proceedings, which requires an assessment of the competing interests which will be affected by the grant, or refusal to grant, a stay. *CMAX, Inc.*, 300 F.2d at 268; *Landis*, 299 U.S. at 254–55. Thus, the Court must consider the potential prejudice to the Individual Defendants if a stay is granted, the hardship and inequity to Bauer if the action is not stayed, and the judicial resources that would be saved as a result of a stay. *Id.*; *see also In re Micron Tech., Inc. Secs. Litig.*, 2009 WL 10678270, at *2 (D. Idaho Dec. 7, 2009).

Without specifically citing the appropriate legal standard, Bauer argues a stay is warranted because: (1) there is no possibility of damage to the Individual Defendants as a result of a stay; (2) he will suffer hardship if required to continue this litigation given the confusion regarding Bonner County's appropriate representation; and (3) a stay will promote judicial economy. Dkt. 11-1, at 5–9. The Court agrees.

### A. Damage to the Individual Defendants if a Stay is Granted

Although a stay will delay this action while the issue of Bonner County's appropriate representation is either litigated in the State Case or informally resolved between Marshall and the BOCC, the Individual Defendants have not identified any prejudice they will suffer as a result of such delay. Both this Court, and other district courts within the Ninth Circuit, have granted a stay under such circumstances. *See, e.g.*, *Shoshone-Bannock Tribes of Fort Hall Reservation v. United States*, 2019 WL 2307437, at *3 (D. Idaho 2019); *In re Micron Tech.*, 2009 WL 10678270, at *3 (the party opposing a stay must make "an initial showing that there is a fair possibility [it] will be injured by a stay"); *H.M. v. United States*, 2017 WL 6888705, at *3 (C.D. Cal. Oct. 16, 2017) ("While Plaintiffs

assert that a stay is premature and that there is a possibility of prejudice caused by any undue delay in the litigation, they provide no concrete examples of potential harm"); *Prescott v. Nestle, USA*, Inc., 2020 WL 7053317, at *3 (N.D. Cal. Nov. 25, 2020) (granting stay request where, *inter alia*, the party opposing the stay did not articulate any concrete prejudice flowing from delay); *Bank of Am., N.A., v. Boulder Creek Homeowners Assoc.*, 2016 WL 5477998, at *1 (D. Nev. Dept. 27, 2016) (finding prejudice to opposing party was minimal, and granting stay, where the only potential harm to the opposing party was delay).

Here, not only do the Individual Defendants fail to identify any concrete harm they will suffer as a result of a stay, but do not even generally suggest they will be harmed by delay. In the absence of *any* identified harm to the Individual Defendants as a result of a stay, this factor weighs in favor of granting Bauer's Motion.

### B. Harm to Bauer if Stay is Not Granted

The moving party has the burden to "make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Bauer has met this burden here. Although Marshall retained Yakely to represent Bonner County, and although Bauer has scheduled a mediation of his claims against Bonner County to take place with Yakely and on October 31, 2022, the Individual Defendants seek to remove Yakely as counsel for Bonner County through the State Case.

Requiring Bauer to proceed with the prosecution of his federal suit while the issue of Bonner County's appropriate representation is resolved in the State Case could force him to engage in discovery, pretrial motions, and alternative dispute resolution with

MEMORANDUM DECISION AND ORDER – 12

counsel that ultimately lacks legal authority to represent Bonner County. All of this would be a wasted effort and would force Bauer to incur delay and duplicative expense until the issue of Bonner County's appropriate representation is definitely resolved. Bauer should not be forced prosecute his claims amidst complete uncertainty while the issue of whether Marshall or the BOCC has the authority to appoint counsel for Bonner County is litigated in the State Case.

In short, the Court finds Bauer would be significantly prejudiced in the absence of a stay.

### C. Judicial Economy

There is no question that a stay would conserve judicial economy. With over 400 civil and criminal cases on its docket, the Court has neither the time nor the inclination to proceed with a case without the appropriate legal representative for Bonner County, only to potentially begin anew once the issue is resolved in the State Case. Indeed, the Court is governed by Rule 1 of the Federal Rules of Civil Procedure and its mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding." Granting a stay of this case while the issue of Bonner County's representation is resolved furthers this policy.

## V. CONCLUSION

Bauer has met his burden of establishing a stay of this case is warranted pending either informal resolution or a determination of Bonner County's appropriate representation in the State Case. The Individual Defendants have not demonstrated any

prejudice to overcome Bauer's showing, and the interest of judicial economy also weighs in favor of a stay.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Bauer's Motion to Stay (Dkt. 11) is **GRANTED**. This case is **STAYED** until either the Idaho state court renders a decision in the State Case, or the issue is informally resolved between Marshall and the BOCC;

2. The parties must notify the Court within seven (7) days of either an informal resolution or a final decision regarding the issue of Bonner County's appropriate representation in the State Case;

3. Bauer's pending Motion to Amend (Dkt. 8) is **TERMINATED WITHOUT PREJUDICE** to renewal after the stay is lifted.

DATED: October 13, 2022

_____
David C. Nye
Chief U.S. District Court Judge