Samuel T. Creason     [ISB No. 8183]
CREASON, MOORE, DOKKEN & GEIDL, PLLC
1219 Idaho Street
P.O. Drawer 835
Lewiston, ID 83501
Telephone: (208) 743-1516
Facsimile: (208) 746-2231
Email:  samc@cmd-law.com;
Attorneys for Defendants Bonner County, Idaho, a political subdivision, and Dan McDonald, Jeff Connolly, Steven Bradshaw, and Brad Ptashkin

Kirtlan G. Naylor     [ISB No. 3569]
Tyler D. Williams    [ISB No. 8512]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: kirt@naylorhales.com; tdw@naylorhales.com

Attorneys for Defendants Bonner County and Bonner County Officials

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| D. SCOTT BAUER, | ) |
| Plaintiff, | ) Case No. 2:22-CV-00270-AKB |
| vs. | ) **ANSWER TO FOURTH** |
| BONNER COUNTY, IDAHO; DAN MCDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity, | ) **AMENDED COMPLAINT** |
| Defendants. | ) |

COMES NOW, Defendants BONNER COUNTY, IDAHO, DAN MCDONALD, and BRAD PTASHKIN (hereinafter "Defendants"), by and through their respective

attorneys of record, Samuel T. Creason of Creason, Moore, Dokken & Geidl, PLLC, and Kirtlan G. Naylor of NAYLOR & HALES, P.C., and hereby answer the *Fourth Amended Civil Complaint and Demand for Jury Trial* [Doc. 78], (hereinafter "*Fourth Amended Complaint*") filed by D. Scott Bauer.

Defendants generally deny each and every material allegation set forth in the *Fourth Amended Complaint* except as hereinafter admitted in particular.

## I.   NATURE OF THE CLAIMS

1. Defendants deny that Bauer holds any viable claims against Defendants, whether at legal or equitable, under Idaho law or federal law.  In particular, Defendants deny that Bauer holds those claims identified in Paragraph 1 to his *Fourth Amended Complaint*.

## II.  PARTIES

2. Defendants lack knowledge regarding the allegation that Bauer is and was at all relevant times a resident of Bonner County contained in Paragraph 2, and therefore deny the same. Bonner County admits that Bauer is a deputy attorney for the Bonner County Prosecutor's Office.

3. Bonner County admits that it is, and at all pertinent times was a political and corporate subdivision of the State of Idaho. The remainder of Paragraph 3 are statements to which no response is required.  To the extent that a response is required, Bonner County denies that Bauer holds any viable claims against it and denies any liability.

4. Bonner County admits that Dan McDonald was the Chair of the Board of County Commissioners ("BOCC") until in or about January of 2023.  The remainder of Paragraph 4 are statements to which no response is required.  To the extent that a response

is required, Defendants deny that Bauer holds any viable claims against them, including McDonald, and deny any liability.

5. Bonner County admits that Brad Ptashkin was an employee of Bonner County, working as an information system professional from approximately April 2020 to June 2022. The remainder of Paragraph 7 are statements to which no response is required. To the extent that a response is required, Defendants deny that Bauer holds any viable claims against them, including Ptashkin, and deny any liability.

6. The allegations set forth in Paragraph 8 of the *Fourth Amended Complaint* are vague and ambiguous and set forth legal conclusions to which no response is due. To the extent that a response is required, Defendants deny that Bauer holds any viable claims against them and deny any liability.

### III.  JURISDICTION AND VENUE

7. Paragraph 7 of the *Fourth Amended Complaint* sets forth a legal conclusion regarding jurisdiction, to which no answer is due. To the extent that a response is required, Defendants respond that they do not challenge the Court's jurisdiction at this time, given the alleged federal question.

8. Paragraph 11 of the *Fourth Amended Complaint* sets forth a legal allegation regarding supplemental jurisdiction, to which no answer is due. To the extent that a response is required, Defendants respond that they do not challenge the Court's jurisdiction at this time, given the alleged federal question.

9. Paragraph 9 of the *Fourth Amended Complaint* sets forth a legal allegation regarding venue, to which no answer is due. To the extent that a response is required,

Defendants respond that they do not challenge the venue at this time, given the alleged federal question.

10. The allegations set forth in Paragraph 10 of the *Fourth Amended Complaint* are so vague and ambiguous that they fail to give Defendants adequate notice of the matter alleged. To the extent that a response is required, Defendants deny that Bauer holds any viable claims against them and deny any liability. Defendants do not challenge the jurisdiction or venue of this action at this time, given the alleged federal question.

### IV. EXHAUSTION

11. The allegations set forth in Paragraph 11 of the *Fourth Amended Complaint* are so vague and ambiguous that they fail to give Defendants adequate notice of the matter alleged. Plaintiff fails to state the particular actions Plaintiff alleges he took and fails to set forth the standard for exhaustion referenced in his *Fourth Amended Complaint*. Therefore, Defendants deny the allegations in Paragraph 11.

12. Bonner County admits that on or about December 28, 2021, Bauer appears to have submitted documents titled "Bonner County Harassment Complaint"; "Bonner County Discrimination Assertion"; and "Notice of Tort Claim" to the Human Resources Department of Bonner County. Bonner County further admits that on or about January 2, 2022, Bauer appears to have submitted a document titled "Second Bonner County Discrimination Assertion Hearing and Name Clearing Hearing Request" to the Human Resources Department of Bonner County. However, the particular date and manner of submission has not been established at this time and, therefore, Bonner County denies based upon lack of knowledge. Bonner County further responds that these documents speak for themselves. The allegations regarding whether the documents complied with

various obligations placed upon Bauer are legal conclusions, and Defendants deny that Bauer holds any viable claims against them and deny any liability.

13. Deny.

14. Deny.

15. Deny.

16. The allegations set forth in Paragraph 16 of the *Fourth Amended Complaint* pertain to an alleged investigator's findings and report. Defendants deny the allegation on the basis that the document speaks for itself. Defendants deny that Bauer holds any viable claims against them and deny any liability.

17. The allegations set forth in Paragraph 17 of the *Fourth Amended Complaint* pertain to an alleged investigator's findings and report. Defendants deny the allegation on the basis that the document speaks for itself. Defendants deny that Bauer holds any viable claims against them and deny any liability.

18. The allegations set forth in Paragraph 18 of the *Fourth Amended Complaint* pertain to an alleged investigator's findings and report. Defendants deny the allegation on the basis that the document speaks for itself. Defendants deny that Bauer holds any viable claims against them and deny any liability.

19. Bonner County admits that on or about November 16, 2022, Bauer appears to have submitted a document titled "Harassment and Retaliation Grievance Demand for Investigation [and] Demand for Litigation Hold" with Bonner County. Bonner County further responds that this document speaks for itself. The allegations regarding whether the document complied with various obligations placed upon Bauer are legal conclusions, and Defendants deny that Bauer holds any viable claims against them and deny any liability.

20. Defendants lack sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 of the *Fourth Amended Complaint* and, therefore, deny the same. Defendants further respond that the written investigation report, if any, speaks for itself.

21. Deny.

22. Bonner County admits that on or about May 18, 2023, Bauer appears to have submitted a document titled "Grievance, Retaliation Complaint, & Harassment Complaint" with Bonner County. Bonner County further responds that this document speaks for itself. The allegations regarding whether the document complied with various obligations placed upon Bauer are legal conclusions, and Defendants deny that Bauer holds any viable claims against them and deny any liability.

23. Bonner County admits that on or about May 25, 2023, Bauer appears to have submitted a document titled "Grievance, Retaliation Complaint, & Harassment Complaint – Supplement 1" with Bonner County. Bonner County further responds that this document speaks for itself. The allegations regarding whether the document complied with various obligations placed upon Bauer are legal conclusions, and Defendants deny that Bauer holds any viable claims against them and deny any liability.

24. Bonner County admits that, on or about June 6, 2023, it provided a response to Bauer's May 18 submission. Bonner County further responds that this document speaks for itself.

## V. PLAINTIFF'S GENERAL ALLEGATIONS

25. Admit.

26. Admit.

27. Admit.

28. The allegations set forth in paragraph 25 purport to quote an Idaho statute. Defendants deny the allegation on the basis that a duly enacted statute within the Idaho Code speaks for itself.

29. Bonner County denies the allegations of Paragraph 26 of the *Fourth Amended Complaint* as an incomplete statement of the relationship between the parties under Idaho law.

30. The allegations set forth in Paragraph 27 of the *Fourth Amended Complaint* are not only legal conclusions to which no answer is due, but are so vague and ambiguous that they fail to give Defendants adequate notice of the matter alleged and/or conclusion proposed. Bonner County admits that Bauer had the duty to provide legal advice to Bonner County, including to the BOCC, pursuant to Idaho law and the Idaho Rules of Professional Conduct. Defendants deny that Bauer holds any viable claims against them and deny any liability.

31. Defendants lack knowledge regarding the allegations set forth in Paragraph 28 of the *Fourth Amended Complaint* and, therefore, deny the same.

32. Defendants lack knowledge regarding the allegations set forth in Paragraph 29 of the *Fourth Amended Complaint* and, therefore, deny the same.

33. Bonner County denies the allegations of Paragraph 30 of the *Fourth Amended Complaint* as an incomplete statement of the motivations and conduct of the BOCC. Bonner County denies the allegation regarding the content of the referenced job description on the basis that the document speaks for itself.

34. Deny as vague, ambiguous, and incomplete with respect to the advising and discussions at issue.

35. Deny as vague, ambiguous, and incomplete with respect to the advising and discussions at issue.

36. Bonner County admits that Ptashkin was appointed as the Chief Information Officer. As to the remaining allegations in Paragraph 33 of the *Fourth Amended Complaint*, Defendants deny.

37. Deny.

38. Deny.

39. The allegations set forth in Paragraph 36 of the *Fourth Amended Complaint* purport to summarize an email exchange. Defendants deny the allegation on the basis that any email exchange speaks for itself. Defendants deny that Bauer holds any viable claims against them and deny any liability.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Bonner County admits that on or about January 23, 2023, Bauer appears to filed a document titled "Second Notice of Tort Claim." Bonner County denies the remainder of the allegations as vague, ambiguous, and calling for a legal conclusion.

49. Deny on the basis that the allegations are vague, ambiguous, call for legal conclusions, and that the referenced document speaks for itself.

50. Deny.

51. Deny on the basis that the allegations are vague, ambiguous, and call for a legal conclusion.

52. The allegations set forth in Paragraph 49 of the *Fourth Amended Complaint* pertain to purported "social media postings." Defendants deny on the basis that a written posting, if any, speaks for itself.

53. Deny as an incomplete and inaccurate presentation of the statements made by McDonald and deny on the basis that a written exchange speaks for itself.

54. Deny.

55. Admit.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

## VI.   INCORPORATION

61. Paragraph 56 of the *Fourth Amended Complaint* incorporates previous allegations, and therefore, Defendants respond as previously set forth herein.

## VII.   CAUSES OF ACTION

62. The allegations set forth in Paragraph 57 of the *Fourth Amended Complaint* set forth legal conclusions to which no response is due. To the extent that a response is

required, Defendants deny that Bauer holds any viable claims against them and deny any liability.

63. Deny.

64. Bonner County admits that Bauer did not demand a hearing and, instead, sought to delay a hearing. As to the remaining allegations in Paragraph 59 of the *Fourth Amended Complaint*, Defendants deny that Bauer holds any viable claims against them and deny any liability.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny

78. Deny

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. The "reservation" set forth in Paragraph 84 of the *Fourth Amended Complaint* is irrelevant and ineffective under federal or state law.

90. The "reservation" set forth in Paragraph 85 of the *Fourth Amended Complaint* is irrelevant and ineffective under federal or state law and in direct contravention of the language and purpose of the cited statute, Idaho Code § 6-1604.

91. Deny.

92. Deny.

93. Deny.

### PRAYER FOR RELIEF

Defendants deny the prayers sought by Bauer in his Prayer for Relief.

### AFFIRMATIVE DEFENSES

As affirmative defenses, Bonner County, alleges and states:

1. That neither the *Fourth Amended Complaint* nor any cause of action therein states facts sufficient to constitute a cause of action against the named defendants.

2.      The *Fourth Amended Complaint* constitutes a "shotgun pleading" and ought to be dismissed on that basis.

3.      The *Fourth Amended Complaint* should be dismissed for failure to name a necessary party.

4.      The claims against McDonald and Ptashkin in their individual capacities ought to be dismissed, as Plaintiff has not alleged facts sufficient to show liability and these defendants are entitled to qualified immunity as to some of the claims.

5.      That Plaintiff's claims are barred by the applicable statute of limitations.

6.      Bonner County alleges that any injuries and/or damages alleged in the *Fourth Amended Complaint* were the direct and proximate result of the intervening and superseding actions of other parties, either named or unnamed, and not Bonner County and that such intervening and superseding actions of other parties, whether or not named, bar recovery herein.

7.      That any injuries and/or damages alleged in the *Fourth Amended Complaint* were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them.

8.      That Plaintiff, by his conduct or that of his agents, has waived and/or is estopped to assert, every claim for relief set forth in the *Fourth Amended Complaint* by the doctrines of waiver, estoppel, unclean hands, and laches.

9.      That any recovery by Plaintiff must be offset by the damages caused to Defendants by Plaintiff's improper conduct.

10.      That Plaintiff has failed to join and/or serve an indispensable party or parties to this litigation.

11.    That Plaintiff's damages, if any, are limited under the doctrine of comparative fault or comparative responsibility.

12.    Bonner County alleges that it presently has insufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, affirmative defenses. Bonner County, therefore, reserves herein the right to assert additional affirmative defenses in the event that discovery indicates that such defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.    For a dismissal of Bauer's *Fourth Amended Complaint* with prejudice and without an award of costs to him;

2.    For an award of reasonable attorney's fees and costs incurred in defense of this action in an amount to be proven, pursuant to applicable law, specifically including but not limited to the Federal Rules of Civil Procedure; 42 U.S.C § 1988; and Idaho Code §§ 6-918A, 12-120, 12-121, & 12-123;

3.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bonner County demands a trial by jury of twelve (12) persons as to all issues.

DATED this 24th day of October, 2023.

CREASON, MOORE, DOKKEN & GEIDL, PLLC

*/s/ Samuel T. Creason*
Samuel T. Creason, ISB #8183
Attorneys for Defendants Bonner County, Idaho, a political subdivision, and Dan McDonald, Jeff Connolly, Steven Bradshaw, and Brad Ptashkin

DATED this 24th day of October, 2023.

                                           NAYLOR & HALES, P.C.

                                           */s/ Kirtlan G. Naylor*
                                           KIRTLAN G. NAYLOR, Of the Firm
                                           Attorneys for Defendants Bonner County
                                           and Bonner County Officials

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of October, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as reflected on the Notice of Electronic Filing:

- Anika R. Ades   anikaA@mhb.com
- April M. Linscott   alinscott@omllaw.com
- Joseph Robert Shaeffer   joe@mhb.com
- Jesse Wing   jesseW@mhb.com
  *Attorneys for Plaintiff*

                                           /s/ *Samuel T. Creason*
                                           Samuel T. Creason

**ANSWER TO FOURTH AMENDED COMPLAINT - 14**        **Creason, Moore, Dokken & Geidl, PLLC**
                                                                                           P.O. Drawer 835, Lewiston, ID 83501
                                                                                           (208) 743-1516; Fax: (208) 746-2231