JESSE WING, *pro hac vice*
JOSEPH R. SHAEFFER, *pro hac vice*
ANIKA R. ADES, *pro hac vice*
MacDONALD HOAGUE & BAYLESS
705 Second Ave, Suite 1500
Seattle, WA 98104
Telephone: 206-622-1604
jessew@mhb.com
joe@mhb.com
anikaa@mhb.com

APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
6500 N. Mineral Dr., Ste. 103
Coeur d'Alene, ID 83815
Phone: 208-762-0204 ext. 105
Email:  alinscott@omllaw.com

*Attorneys for Plaintiff*

Hon. Amanda K. Brailsford

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>         Plaintiff,<br><br>    v.<br><br>BONNER COUNTY, IDAHO; DAN McDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity,<br><br>         Defendants. | No. 2:22-cv-00270-AKB<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

**I. Introduction**

Plaintiff Scott Bauer, by and through his counsel Jesse Wing and MacDonald Hoague & Bayless and April Linscott and Owens, McCrea & Linscott, PLLC, respectfully moves this Court

to enter a protective order limiting the questioning of witnesses during all proceedings in this litigation (depositions and trial) to be conducted by one lawyer per side. Defendants have insisted that they intend two of their lawyers to question each witness. Wing Dec., ¶ 2; Exhibit A thereto. Plaintiff has objected. Wing Dec., ¶ 1. The parties conducted a CR 37 conference, which did not resolve the dispute. *Id*. Thereafter, judicial clerk Daniel Fredrickson mediated a discussion of the topic with counsel for all parties, which did not resolve the disagreement. *Id*.

## II. Facts

Defendants assert that they are entitled to have two lawyers question every witness (in deposition and at trial) on the claimed ground that although one of their firms, Creason, Moore, Dokken & Geidl PLLC, represents *all* Defendants—Bonner County and each of the individual Defendants—their other firm, Naylor & Hales, P.C., represents only the Defendant County. Defendants claim that the County has distinct interests from the individual defendants so are entitled to have separate counsel question each witness to further their separate interests.

## III. Argument

"Upon a showing of good cause, 'the district court may issue any protective order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure." *Key v. US Greenfiber, LLC*, No. 4:21-cv-00233-DCN, 2023 U.S. Dist. LEXIS 16461, at *3-4 (D. Idaho Jan. 31, 2023) (quoting *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting Fed. R. Civ. P. 26(c))). "Courts have broad discretion in deciding 'when a protective order is appropriate and what degree of protection is required.'" *Id*. at *4 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Extenuating circumstances may warrant allowing more than one attorney to ask questions at a deposition, such as where the witness is being deposed on clearly distinct claims. *See, e.g., Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (holding that it was "not a per se abuse" to have two attorneys question a fact witness being deposed in connection with both state and federal actions). However, it is "typical practice . . . for only one attorney to question a witness at a deposition." *Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072-BLF (SVK), 2019 U.S. Dist. LEXIS 225891, at *5 (N.D. Cal. Sep. 9, 2019). Further, courts regularly limit multiple attorneys from questioning witnesses where their interests are not distinct. *See Applied Telematics, Inc. v. Sprint Corp.*, No. 94-cv-4603, 1995 WL 79237, at *4-5 (E.D. Pa. Feb. 22, 1995) ("Therefore, in order to proceed in an effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition" and "Only one attorney for each party shall be permitted to act as counsel during a deposition"); *Cont'l Cas. Co. v. Compass Bank*, No. 04-0766, 2005 WL 8158673, at *4 (S.D. Ala. Dec. 7, 2005).

Defendants' assertions are not persuasive. First, the Defense firm that represents *all* Defendants has a fiduciary duty to each of them, separately. And the Idaho Rules of Professional Responsibility would prohibit that firm from representing them collectively *if* their interests conflicted. As a result, it is apparent that the Defendants respective interests are sympatico with each other.

Second, Idaho law requires the County to defend and indemnify each of the individual defendants because Plaintiff has sued them for their conduct within the scope of their employment. Idaho Code Ann. § 6-903(2)(i) requires that "A governmental entity shall provide a defense to its employee, including a defense and indemnification against any claims

brought against the employee in the employee's individual capacity when the claims are related to the course and scope of employment, and be responsible for the payment of any judgment on any claim or civil lawsuit against an employee for money damages arising out of any act or omission within the course and scope of his employment." The statute further provides, For the purposes of this act and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment and without malice or criminal intent." *Id*. 6-903(5).

Third, the Defendants' interests in this case are not "clearly distinct." *Finjan, Inc.*, 2019 U.S. Dist. LEXIS 225891, at *5. They have approached this litigation in lockstep, before and after Naylor & Hayles informed the Court and Plaintiff that it "**appears as co-counsel** and attorneys of record **for** the Defendants Bonner County, Idaho, and **the individual Defendants in their official capacities**." ECF 27. Defendants have filed each Answer jointly. ECF Nos. 21, 41, 74. They have filed each motion or responded to each motion jointly. ECF Nos. 15, 16, 34, 38, 44, 55, 55-1, 63, 71, 74, 81. Their extensive written discovery requests seek information and documentation that pertains to the County and to the individual defendants, as do their letters to Plaintiff's counsel. Their arguments in CR 37 conferences and to the Judicial Law Clerk mediating disputes are joint in all respects. The circumstances show complete alliance among the Defendants and their counsel. There is no daylight between them. Accordingly, there are no conflicting or distinctly independent interests among Defendants to warrant allowing more than one defense lawyer to question a witness—at deposition or trial.

Finally, Defendants' plan to have two lawyers question every witness is strategic, not necessary. They first tried this approach at the deposition of Plaintiff: When Defense counsel

who represents all Defendants finished questioning Plaintiff, the lawyer who represents only the County began to question Plaintiff. Plaintiff objected, insisting that only the first lawyer could ask questions, and afforded time for Defense counsel to collaborate so the first lawyer could ask further questions, which is what occurred. After this unsuccessful attempt, Defendants have switched the order—announcing that that lead lawyer will be the one who represents only the County, after which the lawyer who represents all Defendants is entitled to also question the witness. But who is lead lawyer on any particular witness is entirely within the Defendants' choice—meaning that they can take advantage of multiple lawyers questioning every witness simply by designating the lawyer who represents only the County as the "lead" lawyer. If the lawyer who represents *all* Defendants is the lead lawyer examining a witness, then Defendants would, again, lose their justification for having a separate lawyer also ask questions of the witness. Defendants should not be permitted to exploit their arrangement so as to undermine the basic rule that at every deposition and at trial only one lawyer for each side examines each witness.

"Courts routinely [] grant protective orders holding that only one attorney can act as counsel during a deposition in order to avoid confusion and the harassment and oppression of witnesses." *Webster v. Target Corp.*, No. 22-11293, 2023 U.S. Dist. LEXIS 180019, at *6-8 (E.D. Mich. Oct. 5, 2023) (collecting cases).[1] Accordingly, in *Webster*, the Court ruled that

---

[1] *See Continental Casualty Co. v. Compass Bank*, 2005 WL 8158673 (S.D. Ala. Dec. 5, 2005) (pursuant to Rule 30(c) and a party's motion for protective order, courts have directed attorneys to designate one attorney as "the 'voice' of counsel at a deposition.") (quoting *Applied Telematics Inc. v. Sprint Corp.*, 1995 U.S. Dist. LEXIS 2191, 1995 WL 79237, *4 (E.D. Pa. 1995) ("[O]nly one attorney for each party shall be permitted to act as counsel during a deposition. The examination and cross-examination during a deposition proceed in the same manner as at trial.... Therefore, in order to proceed in a[n] effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition."); *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 32, 35 (E.D. Pa.

"going forward in this matter, only one attorney may act as the attorney for any witness in this matter." *Id.*; *Riley v. Murdock*, 156 F.R.D. 130, 132 (E.D. N.C. 1994) (denying request for multiple counsel to questions witness, and stating that "[t]he practice in this judicial district is to allow only one attorney to examine a witness.").

Some Districts have recognized the need to codify this principle as a local court rule, prohibiting multiple lawyers from questioning witnesses without leave of court. *See e.g., Bradley v. Rhema-Northwest Operating*, LLC, 2015 U.S. Dist. LEXIS 140170, 2015 WL 5996403, *2 (E.D. Mich. Oct. 15, 2015) (citing Fed. R. Civ. P. 30(c)(1) and E.D. Mich. L.R. 43.1); *Empire Med. Review Servs. v. CompuClaim, Inc.*, No. 13-CV-1283, 2016 U.S. Dist. LEXIS 92501, at *3-5 (E.D. Wis. July 6, 2016) ("General Local Rule 43 establishes the normal practice in this district, which is that one attorney per side will be allowed to examine or cross-examine a witness."). Or they have simply prohibited the practice. *See Bund v. Safeguard Properties LLC*, No. C16-920 MJP, 2021 WL 1546086, at *7 (W.D. Wash. Apr. 20, 2021) ("Rule 30(c)(1) requires depositions to be conducted as they would 'at trial.' And under this District's Local Rules, only one attorney may question a witness at trial. See Local Rule 43(a)(2). Read together, these rules permit only one attorney to question a witness at a deposition.").

"Multiple lawyers for one party examining or cross-examining a witness is exceptional." *Empire Med. Review Servs. v. CompuClaim, Inc.*, No. 13-CV-1283, 2016 U.S. Dist. LEXIS 92501, at *3-5 (E.D. Wis. July 6, 2016). Courts have been generally unimpressed with the

---

1995) ("We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing."); *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) ("The Court agrees that examination by multiple attorneys representing one party may be oppressive.... Accordingly, the Court will direct that only one attorney for each party may examine or cross-examine Hays during his deposition.").

claimed need to divide questioning among multiple counsel. *See, e.g., id.* ("EMRS does not explain why this case is so different as to warrant straying from the normal practice of one lawyer per witness. Certainly the fact that its insurer has chosen to hire separate counsel to represent it on the counterclaims is not sufficient. Although EMRS argues that there is the potential for a conflict between the attorneys' objectives, it does not point to any here.") *See also Kadant Johnson, Inc. v. D'Amico La. Steam Equip., LLC*, No. 10-2869 SECTION "C" (2), 2012 WL 38319, at *2 (E.D. La. Jan. 9, 2012) ("[T]his Court discerns no reason why the lead patent lawyer cannot also question deponents with factual knowledge concerning the contract or other non-patent issues in these cases."). Here, Defendants have offered no compelling reason for examination by multiple lawyers either.

And while Defense counsel assert that they will avoid duplicative questioning, this is often not possible in practice, and very difficult to enforce: "Cleanly splicing certain topics from others can be difficult even when one attorney is asking all of the questions. Some degree of overlap in questioning is often unavoidable." *Id*.

Courts have recognized the inherent unfairness of allowing one side to take advantage of multiple lawyers to conduct examinations:

> In addition, the court is sensitive to witnesses being tag-teamed at a deposition by more than one lawyer for the same party. When one lawyer runs out of steam (or questions), another hops in the ring and continues the examination, bringing a fresh perspective and a new list of questions. While circumstances necessitating such a proceeding could arise, EMRS has not demonstrated that this case is the unusual one that would warrant permitting multiple lawyers to question witnesses at their depositions.

*Id*. Examination by multiple attorneys presents a number of problems ranging from inefficiency, redundancy, and confusion to harassment. *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) (limiting examination to one attorney and stating that "[t]he examination by multiple attorneys

representing one party may be oppressive."); *Applied Telematics, Inc. v. Sprint Corp.*, No. 94-CV-4603, 1995 WL 97237, *4 (E.D. Pa. Feb 22, 1995) ("[I]n order to proceed in an effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition."); *Ferrand v. Schedler*, No. 11-926 SECTION "H" (2), 2012 WL 3016219, at *10 (E.D. La. July 23, 2012) (sanctioning counsel when multiple counsel representing the same interests raise the same issues at a deposition).

A ruling from the Court is needed to clarify how depositions may proceed in an efficient and effective manner, deter abuses, and avoid the court from wasting resources later resolving deposition disputes.

## IV. Conclusion

The Court should grant a protective order, instructing the parties that only one lawyer per side is permitted to question each witness, at deposition and at trial. If the Court is inclined to allow more than one Defense counsel leeway question the same witness, the Court should strictly limit the time and scope of the questioning by the second lawyer to protect against confusion, oppression, harassment, and tag-teaming, and to provide clear lines for enforcement to avoid the need for court intervention.

DATED this 25th day of April, 2024.

By: OWENS, MCCREA & LINSCOTT, PLLC
 _/s/ April M. Linscott_____
April M. Linscott, ISB #7036

*Attorney for Plaintiff*

By: MacDONALD HOAGUE & BAYLESS
 */s/ Jesse Wing*_____
Jesse Wing, WSBA #27751
*Pro hac vice*
Joseph R. Shaeffer, WSBA # 33273
*Pro hac vice*
Anika R Ades, WSBA #60298
*Pro hac vice*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the following to be electronically filed with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following parties:

Sam Creason
Creason, Moore, Dokken & Geidl, PLLC
1219 Idaho Street
P.O. Drawer 835
Lewiston, ID 83501
P: (208) 743-1516
F: (208) 746-2231
E: samc@cmd-law.com

And to:
Debbie Olson, debbieo@cmd-law.com

*Attorneys for Defendants Bonner County, Idaho, Dan McDonald, and Brad Ptashkin*

Kirtlan G. Naylor
Tyler D. Williams
Naylor & Hales, P.C.
950 W. Bannock Street, Ste. 610
Boise, ID 83702
P: (208) 383-9511
F: (208) 383-9516
E: kirt@naylorhales.com
tdw@naylorhales.com

*Attorneys for Defendants Bonner County*

DATED this 25th day of April, 2024 at Seattle, Washington.

          *s/ Lucas Wildner*
          Lucas Wildner, Legal Assistant