# EXHIBIT B

# TO DECLARATION OF JESSE WING

# ISO PL'S MOTION FOR PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

```
D. SCOTT BAUER,              )
                             )
            Plaintiff,       )   Case No. 2:22-CV-00270-DCN
                             )
vs.                          )
                             )
BONNER COUNTY, IDAHO, a      )
Political subdivision;       )
DAN MCDONALD, in his         )
individual and official      )
capacities, JEFF             )
CONNOLLY, in his             )
official capacity;           )
STEVEN BRADSHAW, in his      )
official capacity; and       )
BRAD PTASHKIN, in his        )
individual and official      )
capacities,                  )
                             )
            Defendants.      )
_____)
```

DEPOSITION OF D. SCOTT BAUER

TAKEN ON BEHALF OF THE DEFENDANTS

AT 6500 NORTH MINERAL DRIVE, COEUR D'ALENE, IDAHO

AUGUST 22, 2023, AT 8:30 A.M.

REPORTED BY:

JULIE MCCAUGHAN, C.S.R. NO. 684
Notary Public

```
 1                    A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:

 4              MACDONALD HOAGUE & BAYLESS
                BY:  JESSE WING, ATTORNEY AT LAW
 5              1500 Hoge Building
                705 Second Avenue
 6              Seattle, WA 98104
                (206) 622-1604
 7              jessew@mhb.com

 8
     FOR THE DEFENDANTS:
 9
                CREASON, MOORE, DOKKEN & GEIDL, PLLC
10              BY:  SAMUEL T. CREASON, ATTORNEY AT LAW
                1219 Idaho Street
11              P.O. Drawer 835
                Lewiston, ID 83501
12              (208) 743-1516
                samc@cmd-law.com
13
                NAYLOR HALES
14              BY:  KIRTLAN G. NAYLOR, ATTORNEY AT LAW
                950 West Bannock Street, Suite 610
15              Boise, ID 83702
                (208) 383-9511
16              kirt@naylorhales.com

17   THE VIDEOGRAPHER:

18              VIKTOR BEZMEN

19

20

21

22

23

24

25
```

1   Commissioner McDonald?

2          A.   I am -- as I sit here right now, I don't
3   know.

4          Q.   Are you aware of whether this document was
5   ever provided to Mr. Ptashkin?

6          A.   As I sit here now, no, I don't know.

7               MR. CREASON:  I'm confident I'll have some
8   follow-up, Mr. Bauer, but for now I'm going to ask Mr.
9   Naylor to ask some questions.

10              MR. WING:  So let's hold on just a second.
11  I'm confused by this, because so far as I understand it,
12  your firm and you represent all of the existing
13  defendants.  And if that's true, I don't think that
14  one's entitled to have a co-counsel ask questions.  One
15  lawyer per deposition per client.  That's -- I mean,
16  that's some standard fare.  I've recently had a trial
17  where somebody's co-counsel got shut down.

18              MR. CREASON:  Yeah, a trial's very
19  different, Mr. Wing.

20              MR. WING:  I don't think it's different.

21              MR. CREASON:  So I'm going to have Mr.
22  Naylor ask questions, and I think we can take it subject
23  to your objection.

24              MR. WING:  Well, I would like a
25  clarification.  Do you and your firm represent all of

1  the named defendants?
2           MR. CREASON:  Yes.
3           MR. WING:  Okay.  I think it's highly
4  improper to have more than one lawyer -- and I don't
5  mean this in a personal way, like you guys are
6  personally type -- but I think it's unfair and kind of
7  harassing to say now we're going to bring in somebody
8  else and they're going to take a swing at you.
9           MR. NAYLOR:  Well, and my capacity is the
10 attorney for the county.  I know that we represent
11 similar clients, but there is some overlap with my -- I
12 mean, that's why I'm -- I'm not just co-counsel.  I'm
13 specifically counsel for the official -- everyone in
14 their official capacity and the county.  So basically
15 the county.
16          MR. WING:  But he also represents the
17 county.
18          MR. CREASON:  Let's just take it subject to
19 your objection, and if you feel like his questions are
20 harassing or duplicate or inappropriate, we can take
21 that at that time, but I don't think you're going to
22 find that.
23          THE WITNESS:  I'm not inclined -- the
24 official capacity defendants were removed.
25          MR. WING:  That's my reaction, too, which

1   is -- you guys actually obtained the dismissal of them.
2   Why don't we go off the record for one minute.  I'll
3   confer with my client.
4           MR. NAYLOR:  Okay.  I just have a few
5   questions that come from my relationship with the
6   prosecutor.
7           THE VIDEOGRAPHER:  Going off the record at
8   3:36 p.m.
9           (Off the record.)
10          THE VIDEOGRAPHER:  Going back on the record
11  at 3:47 p.m.
12          MR. CREASON:  Okay.  When we were off the
13  record, Mr. Wing, we had a discussion.  We would like
14  Mr. Naylor to ask a few questions regarding the case
15  that we don't believe are duplicative or abusive, but
16  why don't you state your position and we'll go from
17  there.
18          MR. WING:  Yes.  I know this as the
19  one-attorney rule, and that where more than one lawyer
20  represents the same parties, only a single lawyer has
21  the opportunity to ask questions at a deposition or in
22  trial.  And we're not prepared to have that rule
23  violated here and are standing by that objection.
24          MR. CREASON:  Okay.  And your position is if
25  Mr. Naylor tried to ask questions, you would say we're

1    done here for the day.  Is that correct?
2                MR. WING:  Yes.
3                MR. CREASON:  Okay.
4                MR. NAYLOR:  Okay.  If you can't read my
5    handwriting --
6                MR. CREASON:  Yes.
7    BY MR. CREASON:
8        Q.    Mr. Bauer, as of today, do you reasonably
9    believe you can continue to work at Bonner County as a
10   Deputy Prosecuting Attorney?
11       A.    Calls for a legal conclusion, so I'm not
12   prepared to opine without speculation.  I would have to
13   look at the RPCs.  But as far as I know, I am able to do
14   it.
15       Q.    And let me clarify my understanding of the
16   question.  I'm not asking you on the RPCs.  Just do you
17   believe, reasonably believe, that you can effectively
18   functionally work at Bonner County as of today as a
19   Deputy Prosecuting Attorney?
20       A.    Yes.
21       Q.    Has Prosecuting Attorney Marshall ever
22   represented to you that he's lost confidence in your
23   legal abilities in your position as a Deputy Prosecuting
24   Attorney?
25       A.    No.

```
 1                    REPORTER'S CERTIFICATE
 2         I, JULIE MCCAUGHAN, Certified Shorthand Reporter,
 3   do hereby certify:
 4              That the foregoing proceedings were taken
 5   before me at the time and place therein set forth, at
 6   which time any witnesses were placed under oath;
 7              That the testimony and all objections made
 8   were recorded stenographically by me and were thereafter
 9   transcribed by me or under my direction;
10              That the foregoing is a true and correct
11   record of all testimony given, to the best of my
12   ability;
13              That I am not a relative or employee of
14   any attorney or of any of the parties, nor am I
15   financially interested in the action.
16              IN WITNESS WHEREOF, I have hereunto set my
17   hand and seal August 30, 2023.
18
19
20
21
                 _____
                 JULIE MCCAUGHAN, ID C.S.R. No. 684
22               Notary Public
                 816 Sherman Avenue, Suite 7
23               Coeur d'Alene, ID 83814
24   My Commission Expires February 9, 2028.
25
```

*[Notary seal: JULIE PATRINA MCCAUGHAN, Notary Public - State of Idaho, Commission Number 29325, My Commission Expires Feb 9, 2028]*

*[Signature: Julie McCaughan]*