JESSE WING, *pro hac vice*
JOSEPH R. SHAEFFER, *pro hac vice*
ANIKA R. ADES, *pro hac vice*
MacDONALD HOAGUE & BAYLESS
705 Second Ave, Suite 1500
Seattle, WA 98104
Telephone: 206-622-1604
jessew@mhb.com
joe@mhb.com
anikaa@mhb.com

APRIL M. LINSCOTT, ISB #7036
OWENS, MCCREA & LINSCOTT, PLLC
6500 N. Mineral Dr., Ste. 103
Coeur d'Alene, ID 83815
Telephone: (208) 762-0203
Fax: (208) 719-8083
Email:   alinscott@omllaw.com

*Attorneys for Plaintiff*

Hon. Amanda K. Brailsford

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>                    Plaintiff,<br><br>    v.<br><br>BONNER COUNTY, IDAHO; DAN McDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity,<br><br>                    Defendants. | No. 2:22-cv-00270-AKB<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND FIFTH AMENDED COMPLAINT |

## I.  INTRODUCTION

Plaintiff D. Scott Bauer moves for leave to amend his Fourth Amended Complaint to add to supplement the pleading with additional facts that have arisen since filing the Fourth Amended Complaint, and to add two Defendants, Bonner County officials Michael Rosedale and Luke Omodt, whose alleged conduct furthered and continued the existing Defendants' pattern of illegal retaliation, malicious defamation, and false-light privacy violations against Plaintiff. This alleged mistreatment has culminated in the Defendant County subjecting him to an adverse action: placing Plaintiff on administrative leave. Since Defendant County has removed Plaintiff from the workplace and from his duties, it has illegally, but effectively, reduced the chances that Plaintiff will need to supplement his Complaint further.

Because the applicable legal standards for leave to amend and supplement are satisfied, and because Defendants can identify no prejudice or other countervailing consideration, the Court should grant leave to amend and ensure that these closely related claims proceed together in a manner consistent with judicial economy and the interests of all parties.

This Motion is supported by the proposed Fifth Amended Complaint in redline version as **Exhibit A** to Declaration of Jesse Wing.

## II.  BACKGROUND

Plaintiff D. Scott Bauer initiated this lawsuit on July 1, 2022. Dkt. 1. He has amended or supplemented the Complaint on September 6, 2022 (Dkt. 13), March 7, 2023 (Dkt. 40), July 28, 2023 (Dkt. 67), and August 23, 2023 (Dkt. 78). Each such amendment and supplement was necessary to plead the relevant facts, claims, and parties that arose after this litigation commenced. Plaintiff now moves for leave to file a Second Supplemental and Fifth Amended Complaint to incorporate new necessary facts, claims, and parties.

On October 30, 2023, and then on February 15, 2024, Plaintiff served Bonner County with tort claims alerting the Defendants that he intends to sue for the additional alleged acts of misconduct asserted in his proposed supplemental and amended complaint. Wing Dec. ¶ 2. He likewise sent a draft of his proposed amended complaint to Defense counsel on February 13, 2024, asking whether they object to Plaintiff filing it. *Id*. ¶ 3. Defense counsel never responded. *Id*. Plaintiff then sent them a revised version a week later, on February 20, 2024, but they did not respond to that inquiry either. *Id*. A week later, on February 26, Plaintiff asked them to meet-and-confer about the matter. *Id*. They never responded. *Id*. See Exhibit B to Wing Decl.

Since Plaintiff's amended complaint alleges Idaho torts against a governmental entity, he has had to wait the required 90 days to elapse. Wing Dec. ¶ 3. To speed up the process, on March 20, 2024 and during the parties' conference with Judicial Clerk Fredrickson on April 22, 2024, he asked that Defendant Bonner County promptly deny the tort claim. *Id*. But Defendants never responded. *Id*.

### III. SUPPLEMENTAL ALLEGATIONS AND NEW DEFENDANTS

The following is a summary of events occurring after Plaintiff's August 2023 amended complaint that Plaintiff alleges in his proposed Complaint, including acts allegedly committed by new Defendants Rosedale and Omodt (highlighted in *italics* for easy reference), who are identified in new paragraphs 6-8 of the proposed Complaint. To be consistent with the existing Complaint, the proposed Complaint adds the existing causes of action (defamation and false-light privacy) as counts against the two new Defendants in paragraphs 120-127, and it cleans up a few wording errors found in the prior version.

**1. October-November 2023**

Between March and October 2023, Plaintiff was the civil legal advisor to the County Fair Board ("CFB") of Bonner County. On behalf of the CFB, he notified the Board of County Commissioners ("BOCC") of Bonner County that they would be in violation of the law if they conducted CFB land-use planning regarding a proposed RV park without the consent of the CFB, and that the BOCC's auditors had violated the law by failing to detect and report Defendant McDonald's decision to override fraud controls in FY 2022. County Commissioners *Omodt* and Bradshaw retaliated against Plaintiff for this protected whistleblower activity, pressuring and later requiring that Bonner County Prosecuting Attorney Louis Marshall remove Plaintiff from his position as a civil deputy and reassign him to handle criminal law matters. *See* Exhibit A, ¶¶ 63-66.

In July 2023, the Bonner County Sheriff, with drafting and legal assistance from Plaintiff, issued a written announcement that a fraud investigation had uncovered that Darcy Smith, an employee of Bonner County, was involved in the embezzlement of significant county funds. **Over the next four months (through November)**, Mr. McDonald publicly attacked the Bonner County Sheriff's announcement, and by extension Plaintiff, as inaccurate and falsely implied that Plaintiff had harassed Ms. Smith before she committed suicide. Mr. *Rosedale* also issued false and misleading public statements attacking Plaintiff's role in the investigation into Ms. Smith. *See* Exhibit A, ¶¶ 67-68.

On October 16, 2023, the Chairman of the County Fair Board issued a press release critical of Rosedale and the BOCC that was clearly based on Plaintiff's legal advice. Immediately thereafter, Plaintiff was advised that BOCC Commissioner Luke *Omodt* and Rosedale began an audit of Plaintiff's expenditures. Two days later, as Chair of the BOCC,

*Omodt* led the Commission in voting to strip Plaintiff of his assignment representing the Fair Board, and he was removed from that responsibility. Exhibit A, ¶¶ 69-70.

*Omodt* continued to publicly retaliate against Plaintiff, and *Rosedale* did so to Plaintiff's supervisor. Exhibit A, ¶¶ 71-72.

On October 30, 2023, Plaintiff submitted a whistleblower and harassment complaint relating to a defamatory email from Mr. *Rosedale* sent a few days earlier to Plaintiff's supervisor and others, and filed a notice of Tort Claim alleging malicious defamation and false-light invasion of privacy by Rosedale. The next day, Rosedale demanded additional documentation in support of Bauer's County expenses dating back nearly a year. Despite a November 6, 2023 name-clearing hearing that found Mr. Rosedale's accusations against Plaintiff to be unsupported, Mr. *Rosedale* retaliated against Plaintiff for his protected whistleblowing activity by requesting audits of Plaintiff's work expenses. Exhibit A, ¶¶ 14(e), 25, 73-77.

In November and December 2023, *Omodt, Rosedale*, and McDonald publicly retaliated against and defamed Plaintiff for his protected activity. Exhibit A, ¶¶ 78-84.

**January-March 2024**

In January 2024, Plaintiff raised concerns to the BOCC among others in Bonner County government that the County, including its Administration IT head Jacob Storms, may have been violating public records law. In retaliation, Defendant *Omodt* interfered with Plaintiff's supervision of his own legal assistant and Storms unilaterally prevented Plaintiff from accessing County records needed to perform his job and implied, falsely, that Plaintiff had sought access for improper purposes. Exhibit A, ¶¶ 84-85.

When Plaintiff's legal assistant perpetuated *Omodt*'s instructions that she not follow Plaintiff's instructions and stated that she works for the BOCC, Plaintiff asked for her job

5

description. She finally supplied him with a false (public) document so he reported her actions to the BOCC, HR, and his supervisor. *Omodt* then requested an audit of all of Plaintiff's work expenses, in retaliation for Plaintiff's protected activity. Exhibit A, ¶¶ 86-87.

Plaintiff's internal efforts to secure his legal assistant's actual job description and gain clarity on her role from his supervisor were unsuccessful. So, he filed a public records request and then when it went unfulfilled a Public Records Act action on March 4, 2024. Defendant Bonner County immediately placed Plaintiff on involuntary administrative leave pending the outcome of this litigation. Exhibit A, ¶¶ 88-89.

*Omodt* and other County personnel who sought to discredit Plaintiff for his protected activity supplied false information to the press that resulted in a news article implying that Plaintiff had attempted to commit computer-related misconduct so may have been placed on administrative leave for that reason. Exhibit A, ¶ 90.

### IV.    ARGUMENT

**A.    Leave to Amend is Warranted Under FRCP 15 and No Prejudice to Defendants or Other Countervailing Consideration is Present.**

Under Fed. R. Civ. P. 15(a)(2), a party may amend a pleading before trial with leave of the court. The court "should freely give leave when justice so requires." *Id*. The factors that may justify denial of leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment…" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Requests for leave to amend should be granted with

"extreme liberality," reflecting the principle that the purpose of pleadings is to facilitate decision on the merits, and the denial of leave to amend absent one of the specified justifying reasons is an abuse of discretion. *Navajo Nation v. DOI*, 876 F.3d 1144, 1173 (9th Cir. 2017); *Brown*, 953 F.3d at 574.

The same standard applies to amendment of pleadings under Rule 15(a) as to supplementation of pleadings under Rule 15(d). *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 U.S. Dist. LEXIS 69542, at *25 (N.D. Cal. Sept. 9, 2008). Under Rule 15(d), the Court may permit service of a supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" and "upon reasonable notice and upon such terms as are just."

Two months after August 2023, when he filed his last amended complaint, Plaintiff served his supplemental tort claim on Defendants providing them notice of his supplemental complaints and the allegations against Mr. Rosedale. *See* Exhibit A, Para. 14(f). Then, three months later, just as he had exhausted the 90 days to file on that tort claim, Plaintiff served another tort claim alleging additional new complaints and the allegations against Mr. Omodt. *See* Exhibit A, Para. 14(g). He has been waiting for the required 90 days to lapse so he can proceed on both tort claims at the same time. *See* Idaho Code Ann. § 6-909. Accordingly, Plaintiff has not unduly delayed his request to amend and has engaged in no bad faith or dilatory motive.

Plaintiff seeks to supplement and amend the Complaint as soon as practicable, after the 90-day waiting period for his tort claim elapses, on May 15, 2024. Since Plaintiff served the first tort claim back in October and then February, through receipt of Plaintiff's draft supplemental and amended complaint in mid-February and through several conversions among counsel, Defendants have known that Plaintiff has been preparing to supplement and amend his

complaint. Plaintiff has acted in good faith, timely communicating his intent to amend the complaint to defense counsel and conferring with them on the amendment prior to filing this Motion. In sum, no undue delay, dilatory motive, or bad faith exists to justify denial of leave to amend, and Defendants have not suggested otherwise at any point in the meet and confer process.

This amendment does not unduly prejudice Defendants. This amendment will not meaningfully delay the proceedings, and in any case, delay alone does not establish prejudice. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991). The amendment adds two new defendants, but does not involve any new theory of recovery. Indeed, Plaintiffs alleges no new types of legal claims against them, only that they are engaged in the same misconduct against Plaintiff for the same reasons as the existing Defendants—all of which resulted in the County placing Plaintiff on administrative leave, involuntarily.

Nor does the new complaint require conducting any substantial new discovery. Although the parties have engaged in substantial written discovery, they have taken only one deposition. Neither Mr. Omodt nor Mr. Rosedale have been deposed, and no other witnesses would have to be re-deposed if the leave to amend is granted. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (defendant would be prejudiced because many key witnesses would have to be deposed again after amendment).

Granting this Motion would promote the interests of judicial economy and convenience for all parties. Since Plaintiff is now on involuntary administrative leave, he is no longer in regular direct contact with Defendants. As a result, new allegations of retaliation and defamation are much less likely to emerge. Ensuring that all relevant claims and parties proceed together in one proceeding will avoid unnecessary expense and delay.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant leave to supplement and amend under FRCP 15 upon exhaustion of the 90-day tort claim period on May 15, 2024.

DATED this 6th day of May, 2024.

| | |
|---|---|
| By: OWENS, MCCREA & LINSCOTT, PLLC<br>8596 N. Wayne Drive, Ste. A<br>Coeur d'Alene, ID 83815<br>Telephone: (208) 762-0203<br> /s/ April M. Linscott<br>April M. Linscott, ISB #7036<br>Email: alinscott@omllaw.com<br><br>*Attorney for Plaintiff* | By: MacDONALD HOAGUE & BAYLESS<br>705 Second Avenue, Suite 1500<br>Seattle, Washington 98104<br>Tel 206.622.1604 Fax 206.343.3961<br><br> /s/ Jesse Wing<br>Jesse Wing, WSBA #27751<br>*Pro hac vice*<br>Email: Jessew@mhb.com<br><br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that I caused the following to be electronically filed with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following parties:

Sam Creason
Creason, Moore, Dokken & Geidl, PLLC
1219 Idaho Street
P.O. Drawer 835
Lewiston, ID 83501
P: (208) 743-1516
F: (208) 746-2231
E: samc@cmd-law.com

and to Debbie Olson, debbieo@cmd-law.com

*Attorneys for Defendants Bonner County, Idaho, Dan McDonald, Jeff Connolly, Steven Bradshaw and Brad Ptashkin*

Kirtlan G. Naylor
Tyler D. Williams
Naylor & Hales, P.C.
950 W. Bannock Street, Ste. 610
Boise, ID 83702
P: (208) 383-9511
F: (208) 383-9516
E: kirt@naylorhales.com
tdw@naylorhales.com

and to Trish Wassmuth, trish@naylorhales.com

*Attorneys for Defendants Bonner County and Bonner County Officials*

DATED this 6th day of May, 2024, at Seattle, Washington.

> */s/ Lucas Wildner*
> Lucas Wildner, Legal Assistant