Samuel T. Creason, ISBN: 8183
CREASON, MOORE, DOKKEN & GEIDL, PLLC
1219 Idaho Street
P.O. Drawer 835
Lewiston, ID 83501
Telephone: (208) 743-1516
Facsimile: (208) 746-2231
Email:  samc@cmd-law.com
Attorneys for Defendants Bonner County, Idaho, a political subdivision, and Dan McDonald, and Brad Ptashkin,

Kirtlan G. Naylor   [ISB No. 3569]
Tyler D. Williams  [ISB No. 8512]
NAYLOR & HALES, P.C.
Attorneys at Law
950 W. Bannock Street, Ste. 610
Boise, ID 83702
Telephone No. (208) 383-9511
Facsimile No. (208) 383-9516
Email: kirt@naylorhales.com; tdw@naylorhales.com
Attorneys for Defendants Bonner County and Bonner County Officials

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>    Plaintiff,<br><br>vs.<br><br>BONNER COUNTY, IDAHO; DAN MCDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity,<br><br>    Defendants. | Case No. 2:22-CV-00270-AKB<br><br>**RESPONSE MEMORANDUM**<br><br>**RE:  PLAINTIFF'S MOTION FOR PROTECTIVE ORDER [Dkt. 85]** |

## I.   INTRODUCTION

The Plaintiff asks this Court to take the extreme action of depriving the defendants of their right to have their counsel of choice represent their interests at a deposition. The Plaintiff does not base his extreme request upon any actual prejudice or past problems, but based upon the *spectre* that defense counsel might act in a manner that is abusive and improper toward the witnesses. First, the insinuation is wholly unfounded. Second, the rules do not permit the requested relief based upon Plaintiff's showing. Therefore, the Court should deny Plaintiff's motion.

## II.   FACTS & PROCEDURE

Mr. Scott Bauer commenced this action on July 1, 2022. In his *Complaint* [Doc. 1], he chose to sue (1) the County, (2) each of the three commissioners in their official capacity; (3) the County's former information systems employee, Brad Ptashkin, in his official capacity; and (4) Dan McDonald and Brad Ptashkin in their personal capacity. Bauer stated only three causes of action in his *Complaint:* (I) "Deprivation of Plaintiff's Liberty Interest in Violation of the U.S. Constitution, the Idaho Constitution and 42 U.S.C. 1983"; (II) "Deprivation of Plaintiff's Property Interest in Employment Without Due Process"; and (III) "Violation of Idaho Protection

of Public Employees Act." That was the procedural posture when Mr. Creason's firm appeared on behalf of the Defendants, both in their individual and official capacities. [Doc. 6].

Bauer later filed an *Amended Complaint* [Doc. 13] against the same individuals but with additional claims. As set forth in that pleading, Bauer stated claims based on official conduct ***and*** based upon alleged private conduct, such as the alleged defamation by Mr. McDonald and Mr. Ptashkin. That was the procedural posture when Mr. Naylor's firm filed a *Notice of Appearance* [Doc. 27] as co-counsel for the County "and the individual Defendants *in their official capacities*." (emphasis added).

Bauer filed his *Second Amended Complaint* [Doc. 40] on March 7, 2023. As before, Bauer pursued claims against all of the initial Defendants. However, by this point Bauer's causes of action had grown to eight distinctly identified causes of action, plus something styled as "continuing causes of action."

On July 19, 2023, this Court entered its *Order Granting Defendants' Motion to Dismiss* [Doc. 64]. The Court dismissed the action as to all claims against Jeff Connolly and Steven Bradshaw. The Court dismissed the "official capacity" claims against Dan McDonald and Brad Ptashkin. From

**RESPONSE MEMORANDUM - 3**

that point forward, the only remaining defendants in this action are (a) the County represented by both Mr. Creason's firm and Mr. Naylor's firm; (b) Mr. Dan McDonald represented only by Mr. Creason's firm; and (c) Mr. Brad Ptashkin represented only by Mr. Creason's firm.

On July 28, 2023, Bauer filed his *Third Amended Complaint* [Doc. 67] and on August 23, 2023, he filed his *Fourth Amended Complaint* [Doc. 28]. In those pleadings, Bauer recognizes the limited nature of the remaining Defendants through both his caption and his allegations. As before, those pleadings include both claims based upon official conduct and claims against McDonald and Ptashkin, individually, based upon alleged defamation.

The only deposition that has occurred in this matter to date is the August 22, 2023 deposition of the Plaintiff, Mr. D. Scott Bauer. That deposition was set at the request of Mr. Creason and pursuant to a *Notice of Deposition* issued by Mr. Creason. Mr. Naylor appeared at the deposition, as did Plaintiff's counsel.

Mr. Creason conducted nearly the entirety of the deposition. Near the end of the day, when Mr. Creason invited Mr. Naylor to ask any *additional* questions while Mr. Creason reviewed his notes, Plaintiff's counsel objected. Despite Defense counsels' commitment that the questions were not

duplicative or abusive, Plaintiff's counsel asserted that he would terminate the deposition if Mr. Naylor tried to ask a single question. Notwithstanding the improper nature of the threat from Plaintiff's counsel (*see* Rule 30(d)(3) *and Vega v. GEICO Choice Ins. Co.*, No. 1:21-CV-00498-BLW, 2024 WL 1772016, at *4 (D. Idaho Apr. 24, 2024)), Defense counsel conducted the inefficient and wholly unnecessary practice of having Mr. Naylor "pass" his few questions to Mr. Creason, rather than engage the Court to resolve the situation. This was not done in recognition of the legitimacy of the conduct of Plaintiff, but simply to avoid the time and expense associated with the unanticipated impasse.

In contrast, Mr. Naylor has been seeking to take the deposition of Ms. Grace Bauer—as a damages witness—since at least as early as September 12, 2023. Initially, Plaintiff took the position that Ms. Bauer was asserting "a spousal privilege" such that she would "not be testifying in this proceeding at all." When Mr. Naylor pressed on the fact that she was a witness to Plaintiff's loss of consortium damages, Plaintiff's counsel wrote that Plaintiff had withdrawn his loss of consortium claim: "Please let me know if this email is sufficient to constitute the withdrawal of his claim for loss of consortium and that the defense no longer intends to serve his wife with a subpoena."

However, Plaintiff later reversed course on having his wife testify. In an email from Plaintiff's counsel to Mr. Naylor, he stated:

> My client has decided to adjust his position regarding his wife testifying. He plans to call her to testify as to conduct, but preserve the privilege over their marital communications.

Mr. Naylor continued in his efforts to obtain a deposition date for Ms. Bauer. Given the conduct by Plaintiff's counsel in August 2023, Mr. Creason emailed the following statement to make his position clear:

> **Ms. Bauer -** I intend to attend this deposition *and ask questions on behalf of the individual defendants*. We simply have too many attorneys with too crowded schedules to plan around the witnesses. For example, I am set to conduct multiple depositions per week for the next 4-5 weeks. I suggest that Jesse circulate a list of *unavailable* dates, impressing upon Ms. Bauer that they truly need to be "unavailable" and not simply inconvenient.

(emphasis in original). In response, Plaintiff's counsel stated that he would take the same position as at Plaintiff's deposition. Mr. Creason responded by making expressly clear that he was the only attorney representing Dan McDonald and Brad Ptashkin and that they had a right to question Ms. Bauer at the deposition setting or set their own depositions of Ms. Bauer to ask questions.

Plaintiff's counsel finally provided firm dates for the deposition of Ms. Bauer, only after Mr. Naylor had to threaten to unilaterally set the deposition.

## III.   STANDARD OF REVIEW

Plaintiff seeks a protective order with respect to discovery in this matter. As the movant, Plaintiff bears the burden of demonstrative "good cause" that justice "requires" the order "'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (quoting Fed. R. Civ. P. 26(c).

## IV.   LEGAL ANALYSIS

The right of a party to conduct a deposition is governed by Rule 30 of the Federal Rules of Civil Procedure. "A ***party*** may . . . depose any person, including a party, without leave of the court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1) (emphasis added). Plaintiff's objection does not cite any of the circumstances identified in Rule 30(a)(2). Furthermore, Plaintiff has chosen to identify Ms. Bauer as an anticipated witness. Thus, Dan McDonald and Brad Ptashkin have a clear right to conduct the deposition of Ms. Bauer in this litigation, before she is called to testify against their interests.

Having established the right of Defendants McDonald and Ptashkin to conduct an examination, the next question becomes the procedure by which the deposition must be conducted. "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1).

> An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). The grounds for a motion to terminate or limit are also expressly identified: "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). The Plaintiff has not cited to a single example of bad faith or other improper conduct, with respect to Ms. Bauer or any other witness for that matter. Thus, Plaintiff has not carried his burden under the plain language of the Federal Rules of Civil Procedure.

In support of his position, Plaintiff cited to 13 written decisions from a

myriad of jurisdictions, many of which were unreported. **None** of those opinions stand for the proposition that the Court can deprive one defendant from asking questions at a deposition based upon the Court's opinion that the defendant's interests "overlap" with that of another defendant.[1]  Plaintiff

---

[1] *Applied Telematics, Inc. v. Sprint Corp.*, No. CIV.A. 94-CV-4603, 1995 WL 79237, at *4 (E.D. Pa. Feb. 22, 1995) ("only one attorney **for each party** shall be permitted to act as counsel during a deposition. . . . [I]n order to proceed in a effective manner, without harassing the witness, only one attorney **at a time** shall be designated as the 'voice' of counsel at a deposition." (emphases added)). *Bradley v. Rhema-Nw. Operating, LLC*, No. 14-CV-13364, 2015 WL 5996403, at *2 (E.D. Mich. Oct. 15, 2015), *objections overruled,* No. 14-13364, 2016 WL 5477147 (E.D. Mich. Sept. 29, 2016), *aff'd,* No. 16-2493, 2017 WL 4804419 (6th Cir. Oct. 3, 2017) (relying upon particular local rule regarding two attorneys for a **single defendant**). *Bund v. Safeguard Properties LLC*, No. C16-920 MJP, 2021 WL 1546086, at *7 (W.D. Wash. Apr. 20, 2021) (discussing use of two attorneys for a **single defendant**, where second questioner was aggressive and abusive in questioning). *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 32, 34 (E.D. Pa. 1995) (permitting multiple attorneys to examine for a **single party**, so long as only one attorney asks questions at a time). *Cont'l Cas. Co. v. Compass Bank*, No. CV 04-0766-CB-C, 2005 WL 8158673, at *4 (S.D. Ala. Dec. 7, 2005) (discussing situation where **second attorney "interjected himself"** into deposition being defended by his associate). *Empire Med. Rev. Servs., Inc. v. Compuclaim, Inc.*, No. 13-CV-1283, 2016 WL 3676456, at *1 (E.D. Wis. July 6, 2016) (dissing local rule of one attorney **for each party** where multiple attorneys attempted to ask questions for a single party). *Ferrand v. Schedler*, No. CIV.A. 11-926, 2012 WL 3016219, at *10 (E.D. La. July 23, 2012) (merely referencing a local rule while discussing improper objections and instructions not to answer). *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17CV00072BLFSVK, 2019 WL 7753437, at *2 (N.D. Cal. Sept. 9, 2019) (holding that the **single defendant**, Cisco, would be limited to one questioning attorney at deposition). *In re Cummins*, 144 B.R. 426, 428 (Bankr. W.D. Ark. 1992) (noting that multiple attorneys **per party** "may be oppressive" but the party never intended to question through multiple attorneys). *Kadant Johnson, Inc. v. D'Amico*, No. CIV.A. 10-2869, 2012 WL 38319, at *2 (E.D. La. Jan. 9, 2012) (holding that it was not an abuse of discretion to limit questioning to one attorney **per party**). *Riley v. Murdock*, 156 F.R.D. 130, 132 (E.D.N.C. 1994) (deciding that, where the plaintiffs had conducted the deposition through a single attorney, the plaintiffs must finish the deposition with that attorney). *Webster v. Target Corp.*, No. 22-11293, 2023 WL 6509097, at *2 (E.D. Mich. Oct. 5, 2023) (holding that only one attorney could act as the voice of counsel for Target Corporation during depositions). *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983) (holding sanctions proper where a party refused to answer questions based upon

invites this Court to create some sort of test for whether defendants can be deprived of their right to conduct questioning based upon whether the Defendants' interests are "clearly distinct." Doc. 85-1 at p.4. However, no such rule is found in the Federal Rules of Civil Procedure, and the "clearly distinct" language borrowed by the Plaintiff comes from a case where the Court permitted multiple attorneys to question a witness for a single party. *Finjan,* 2019 WL 7753437, at *2. Even so, Plaintiff's four arguments in his briefing are not only legally erroneous, they are factually inaccurate: joint defense does not equate to co-extensive interests; only to interests that do not pose a conflict of interest.

Plaintiff is the one who chose to sue Dan McDonald and Brad Ptashkin, personally. Plaintiff is the one who says that he will ask a jury to award him damages against Dan McDonald and Brad Ptashkin, personally, based at least in part upon testimony by his spouse. Thus, Plaintiff cannot cry foul when Dan McDonald and Brad Ptashkin choose a voice of counsel different from those of the County. If Plaintiff wishes to limit questioning to a single attorney at depositions, then Plaintiff must dismiss his claims against the multiple defendants.

---

on the theory that no more than one attorney may propound questions on behalf of the same party at the taking of a deposition given the circumstances).

**RESPONSE MEMORANDUM - 10**

## V.     CONCLUSION

The Defendants, jointly and independently, request that this Court deny Plaintiff's *Motion for Protective Order*.

DATED this 14th day of May, 2024.

        CREASON, MOORE, DOKKEN & GEIDL, PLLC

        */s/ Samuel T. Creason*
        Samuel T. Creason, ISB #8183
        Attorneys for Defendants Bonner County, Idaho, a political subdivision, and Dan McDonald and Brad Ptashkin

DATED this 14th day of May, 2024.

        NAYLOR & HALES, P.C.

        */s/ Kirtlan G. Naylor*
        Kirtlan G. Naylor, ISB # 3569, Of the Firm
        Attorneys for Defendants Bonner County and Bonner County Officials

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 14th day of May, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which caused the following counsel to be served by electronic means, as reflected on the Notice of Electronic Filing:

April M Linscott
alinscott@omllaw.com

Anika R. Ades
anikaa@mhb.com

Joseph Robert Shaeffer
joe@mhb.com

Jesse Wing
jessew@mhb.com


       /s/ *Samuel T. Creason*
       Samuel T. Creason