UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>    Plaintiff,<br><br>v.<br><br>BONNER COUNTY, IDAHO; DAN MCDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity,<br><br>    Defendants. | Case No. 2:22-cv-00270-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff D. Scott Bauer's Motion for Protective Order. (Dkt. 85). Bauer's motion requests that the Court enter a protective order limiting the questioning of any witness in this litigation, including at depositions and trial, to "one lawyer per side." (*Id.* at 1). For the reasons explained below, the Court will deny the motion to the extent it requests limiting questioning of witnesses to one attorney per side; however, the Court will limit the circumstances in which Defendants may have more than one attorney examine a witness.

## I. BACKGROUND

This case concerns a dispute between Bauer, a deputy prosecuting attorney for Bonner County, Idaho, on one side, and his employer, Defendant Bonner County, and various County officials on the other. In short, the operative complaint alleges that Bauer's "employer [Bonner County] and several of its managing officials retaliated against him for exercising his First Amendment-protected rights to pursue legal claims and for his whistleblowing, defamed him, and harmed his professional reputation and standing as a lawyer without affording him Constitutionally mandated due process." (Dkt. 78, ¶ 1).

**MEMORANDUM DECISION AND ORDER - 1**

The operative complaint alleges six causes of action against the County and Defendants Dan McDonald and Brad Ptashkin in their individual capacities.[1] Three claims are against all Defendants, including two claims for deprivation of Bauer's Due Process Liberty Interest and First Amendment rights under 42 U.S.C. § 1983 and one claim for violation of the Idaho Protection of Public Employees Act (IPPEA). The remaining three claims are against McDonald and Ptashkin in their individual capacities for defamation and false light privacy under state law.

Presently, the parties are engaged in discovery, and a dispute has arisen regarding whether Defendants may have more than one attorney question a witness during depositions and other proceedings. Relevant here is that two law firms represent some or all Defendants: (1) Creason, Moore, Dokken & Geidl PLLC ("Creason") and (2) Naylor & Hales, P.C. ("Naylor Hales"). Specifically, both Creason and Naylor Hales represent the County, while only Creason represents McDonald and Ptashkin in their individual capacities. Thus, Creason represents all Defendants, and both firms jointly represent the County.

During at least two depositions so far, attorneys from both Creason and Naylor Hales have apparently questioned or attempted to question the deponent. For example, at Bauer's deposition, after Creason questioned Bauer, an attorney for Naylor Hales attempted to question Bauer as well, but Bauer objected. (Dkt. 86, ¶ 3). Then, at the deposition of Bauer's wife, Creason proceeded to question Ms. Bauer, over Bauer's objection, even though Naylor Hales had already conducted its own examination. (Dkt. 94, ¶ 3). Based on these incidents, Bauer has moved the Court for a protective order, requesting that the Court limit the questioning of each witness in any proceeding in this lawsuit to one attorney per side. (Dkt. 85). Defendants oppose the motion. (Dkt. 90).

---

[1] Bauer has moved to amend and supplement his complaint. (Dkt. 88). In addition to McDonald and Ptashkin, the proposed complaint would add two new County officials as defendants in their individual capacities. (Dkt. 88-2). The motion to amend and supplement is currently pending before the Court and will be addressed in a separate order.

**MEMORANDUM DECISION AND ORDER - 2**

## II. LEGAL STANDARD

A party may move for a protective order on matters relating to a deposition. *See* Fed. R. Civ. P. 26(c)(1). The court may, upon a showing of good cause, issue a protective order prescribing a discovery method or specifying the terms of discovery. *Id.* "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "Courts have broad discretion in deciding 'when a protective order is appropriate and what degree of protection is required.'" *Key v. US Greenfiber, LLC*, No. 4:21-cv-00233-DCN, 2023 WL 1392058, at *2 (D. Idaho Jan. 31, 2023) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

## III. ANALYSIS

The Court will deny Bauer's motion for a protective order to the extent it requests limiting questioning of witnesses to "one lawyer per side" in all circumstances. Based on Bauer's claims against Defendants and on how Defendants are represented, they may be entitled to have more than one attorney question a witness, and Bauer has failed to show he will be sufficiently prejudiced absent a protective order. To reduce the risk of prejudicial, redundant, or wasteful examination of witnesses, however, the Court will limit the circumstances in which more than one attorney for Defendants may question a witness.

As an initial point, no authority requires strictly limiting questioning of witnesses in this case to one attorney per side. Rule 30 Federal Rules of Civil Procedure governs depositions and provides generally that "a party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Additionally, Rule 30(c)(1) explains the examination of a witness at a deposition proceeds as it would at trial, and in this district, as in others, "[o]nly one attorney *for each party* will examine or cross-examine a witness except with the permission of the Court." Dist. Idaho Loc. Civ. R. 39.1(c) (emphasis added). Thus, because

each Defendant is a separate party, neither Rule 30 nor the Court's local rules appear to limit each Defendant from examining a witness because each Defendant is a separate party. Of course, because the County is jointly represented by Creason and Naylor Hales, attorneys from both firms cannot question a witness on behalf of the County alone. But, at least hypothetically, Creason and Naylor Hales could each ask questions of a witness provided they do so on behalf of McDonald/Ptashkin and the County, respectively.

Bauer seems to acknowledge Defendants are separate parties but nevertheless argues they should be limited to one attorney when examining witnesses because they have similar interests. (Dkt. 85-1, at pp. 3-4). To support the contention that Defendants have similar interests, Bauer notes that Defendants have coordinated their efforts in defending this lawsuit, the Idaho Rules of Professional Conduct ("IRPC") would prohibit Creason from representing all Defendants if their interests conflicted, and Idaho Code § 6-903(2) requires the County to indemnify and defend the individually named Defendants.

This argument and its underlying reasoning are unpersuasive. As an initial point, there is no authority—and Bauer provides none—for the proposition that parties with similar interests are limited to one attorney when examining a witness. Even if such a rule existed or made good sense, however, the Court is not convinced Defendants' interests are sufficiently aligned in all material respects. For example, McDonald and Ptashkin are collectively subject to three claims that the County is not. As such, they will likely need to examine witnesses regarding facts relevant to these claims, while the County will not. Of course, McDonald and Ptashkin share some interests in common with the County because Defendants all share several claims in common. Just because Defendants' interests overlap, however, does not mean they are identical. Nor are Defendants' interests perfectly aligned merely because they do not conflict for purposes of the IRPC. Thus,

MEMORANDUM DECISION AND ORDER - 4

even if Defendants have coordinated their defense in certain respects, that does not mean they have identical interests. Further, while the County may be required to defend and indemnify its officials against the claims in this lawsuit under Idaho Code § 6-903(2)(i), that fact is not certain. The County may also refuse to defend the employees if it is determined they acted with malice. *See* I.C. § 6-903(3). And, importantly, Bauer has alleged as much. (Dkt. 78, ¶¶ 19, 38, 57, 69, 88). Thus, Defendants' interests are not sufficiently alike to warrant treating them as one party for purposes of examining witnesses in all circumstances.

Bauer also cites several cases for the proposition that courts routinely limit the questioning of a witness to one attorney and that some district courts have local rules prohibiting multiple lawyers from questioning witnesses. (Dkt. 85-1, at p. 6). As Defendants point out, however, most of the cases Bauer cites only support the proposition that courts limit questioning of a witness to one attorney *per party*. (Dkt. 90, at p. 9 n.1). This comports with the Court's own local rule, which again does not prohibit each Defendant here from potentially examining a witness. *See* Dist. Idaho Loc. Civ. R. 39.1(c).

Although no authority mandates limiting the questioning of witnesses to one attorney per side, there may be good reason to limit Defendants' questioning of a witness to one attorney at times. Rule 611(a) of the Federal Rule of Evidence requires courts to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Here, allowing Creason and Naylor Hales to each examine a witness, regardless of the circumstances, could potentially result in duplicative or prejudicial questioning because at least some of Defendants' interests overlap. Additionally, allowing both Creason and Naylor Hales to examine a witness may possibly result in multiple

**MEMORANDUM DECISION AND ORDER - 5**

attorneys intentionally or inadvertently asking questions on behalf of the County, which again Local Rule 39.1(c) prohibits. In this regard, Bauer's concerns are well-taken.

However, rather than grant Bauer's proposed protective order limiting questioning to one attorney per side, which is overbroad under the circumstances of this case, the Court will issue a narrower protective order that limits the circumstances in which more than one attorney for Defendants may question a witness. The Court's guidance is as follows: First, and most obviously, no more than one attorney may examine a witness on behalf of the County. Second, to avoid redundant or harassing examination of witnesses, questioning that pertains to issues affecting all Defendants must be asked by a single attorney from either Creason or Naylor Hales. Third, if Naylor Hales questions or intends to question a witness on behalf of the County, Creason may only also examine the same witness on behalf of McDonald or Ptashkin (or any other County officials) if Creason's questioning is germane to matters that primarily affect those County officials.

While policing these restrictions may admittedly be tricky in some circumstances, the Court is reluctant to completely limit questioning to one attorney per side in all circumstances. Indeed, it may be appropriate for Creason to examine a witness in addition to Naylor Hales when McDonald and Ptashkin have a different or greater interest in doing so. For example, as noted above, McDonald and Ptashkin—but not the County—are subject to Bauer's claims for defamation and, therefore, would presumably have an interest in examining a witness regarding these claims that the County does not share. Of course, this is just an example; the point is, the individually named County officials may have a legitimate interest in examining a witness in ways the County does not.

**MEMORANDUM DECISION AND ORDER - 6**

Additionally, Bauer has not shown he has been or will be unduly prejudiced,[2] and even if he had, the Court's restrictions outlined above greatly reduce any risk of prejudice. Other remedies are also available to Bauer if Defendants do engage in prejudicial conduct when examining witnesses, which further reduce the need for a broad protective order. Most obviously, Bauer may object if Defendants violate the Court's guidance or otherwise engage in redundant or harassing questioning. Bauer can also move to terminate or otherwise limit the scope of a deposition if Defendants' examination unreasonably annoys, embarrasses, or oppresses a deponent. *See* Fed. R. Civ. P. 30(d)(3). In short, the Court is not convinced Bauer's requested protective order is necessary because the risk of prejudice is slight and other recourse is available.

In sum, the Court declines to strictly limit questioning of witnesses to one attorney per side. The Court will, however, limit Defendants' examination of witnesses as outlined above; namely, if Naylor Hales questions or intends to question a witness on behalf of the County, Creason may only also examine the same witness on behalf of McDonald or Ptashkin (or any other County officials) if Creason's questioning is germane to matters that primarily affect those County officials.

### IV.  ORDER

**IT IS ORDERED that:**

1. The Motion for Protective Order (Dkt. 85) is **DENIED**.

---

[2]  In his reply brief, Bauer cites portions of Ms. Bauer's deposition transcript, arguing Creason's additional questioning was oppressive and duplicative of questions asked by Naylor Hales. (Dkt. 93, pp. 4-8). As an initial matter, the Court need not consider this argument because it is new evidence raised in the reply brief. *See Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("[T]he district court may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to respond.'"). Regardless, Creason's additional questioning does not evidence the oppressive tactics of which Bauer complains. At worst, Creason asked some redundant questions, but these questions were not so prejudicial as to warrant Bauer's requested protective order.

**MEMORANDUM DECISION AND ORDER - 7**

2.  Defendants must abide by the following rules when examining witnesses: First, no more than one attorney may examine a witness on behalf of the County. Second, questioning that pertains to issues affecting all Defendants must be asked by a single attorney. Third, if Naylor Hales questions or intends to question a witness on behalf of the County, Creason may only also examine the same witness on behalf of McDonald or Ptashkin (or any other County officials) if Creason's questioning is germane to matters that primarily affect those County officials.

DATED: July 18, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge