UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT BAUER,<br><br>    Plaintiff,<br><br>v.<br><br>BONNER COUNTY, IDAHO; DAN MCDONALD, in his individual capacity; and BRAD PTASHKIN, in his individual capacity,<br><br>    Defendants. | Case No. 2:22-cv-00270-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff D. Scott Bauer's Motion for Leave to File Second Supplemental and Fifth Amended Complaint. (Dkt. 88). Defendant Bonner County consents to the motion, but Defendants Dan McDonald and Brad Ptashkin do not. (Dkts. 91, 105). For the reasons set forth below, the Court grants the motion.

## I. BACKGROUND

Bauer initiated this lawsuit in July 2022 and has amended or supplemented his complaint a combined total of four times. The operative complaint, the Fourth Amended Civil Complaint and Demand for Jury Trial (Dkt. 78), was filed in August 2023. The complaint alleges Bauer has served as a deputy prosecuting attorney for Bonner County (County) since 2007. In this role, Bauer had the duty to provide legal advice and counsel to the Board of County Commissioners of Bonner County (BOCC) and to individual Bonner County commissioners, among others. In recent years, the BOCC pursued a desire to consolidate and centrally manage the electronic data of the various County offices and to create a new Chief Information Officer (CIO) position to manage this activity. Throughout 2020 and 2021, Bauer advised the BOCC, including then-County

MEMORANDUM DECISION AND ORDER - 1

Commissioner McDonald, and other elected officials regarding the appropriate storage of electronic information under Idaho law. Shortly thereafter, Ptashkin was appointed as the CIO for the BOCC.

After Ptashkin's appointment, Defendants began disregarding Bauer's legal advice and took actions to control and manage the records and data of other County elected officials. When Bauer pushed back on this perceived overreach, McDonald and Ptashkin allegedly intimidated and harassed Bauer and discredited his professional competence and legal advice to other County elected officials. In particular, in 2021, both McDonald and Ptashkin allegedly spread lies about Bauer to other County officials and employees, including that Bauer attempted to or did install hacking software on the computers of other County employees. In response, in December 2021, Bauer served a tort claim notice on the County, outlining his grievances against Defendants including, in part, their computer-hacking allegations and Defendants' management and control of the data and records of other County elected officials.

In January 2022, Bauer was removed as the BOCC's legal counsel, at the insistence of McDonald and others. Thereafter, McDonald allegedly continued to spread lies about Bauer and interfered with Bauer's work for the County, including telling others that Bauer's removal as BOCC counsel was due to incompetence and instructing various County department leads to not communicate with Bauer regarding County business. McDonald also allegedly took several adverse actions against Bauer in retaliation for his tort claim notice. These alleged retaliatory actions include, among others, falsely accusing Bauer of committing errors and mistakes in his work for the County, bullying another County employee into committing suicide, and misspending County funds.

**MEMORANDUM DECISION AND ORDER - 2**

Bauer's current complaint alleges six causes of action against the County, McDonald, and Ptashkin in their individual capacities. Three claims are against all Defendants, including two claims under 42 U.S.C. § 1983 for deprivation of Bauer's Due Process Liberty Interest and First Amendment rights and one claim for violation of the Idaho Protection of Public Employees Act (IPPEA). The remaining three claims are against McDonald and Ptashkin in their individual capacities for defamation and false-light privacy under state law.

Relevant here, Bauer moves to supplement his complaint to include allegations that occurred after the operative complaint was filed in August 2023. Most notably, the supplemental complaint adds two claims for defamation and violation of false-light privacy against new defendants, Luke Omodt, a Bonner County commissioner in 2023 and 2024, and Michael Rosedale, the Bonner County Clerk. (Dkt. 88). In short, these claims allege Omodt and Rosedale each maligned and made false statements about Bauer in late 2023 in relation to Bauer's legal representation of the County Fair Board. The supplemental complaint further alleges that, in response to Bauer submitting public records requests, Omodt retaliated against Bauer by requesting an audit of Bauer's work expenses. Lastly, the supplemental complaint alleges the County retaliated against Bauer by placing him on involuntary administrative leave in March 2024.

All named Defendants originally opposed Bauer's motion to supplement. (Dkt. 91). The County, however, has since withdrawn its opposition. (Dkt. 105).

## II.  LEGAL STANDARD

A.   **Rule 15 - Amendment and Supplementation**

Rule 15 of the Federal Rules of Civil Procedure generally governs the amendment and supplementation of pleadings. With respect to motions to amend prior to trial that are not a matter of course, Rule 15 permits amendment "with the opposing party's consent or the court's leave."

MEMORANDUM DECISION AND ORDER - 3

Fed. R. Civ. P. 15(a)(2). If the opposing party does not consent to amendment, "[t]he court should freely give leave when justice so requires." *Id.* This standard favors amendment and should "be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). Motions to amend filed after the Scheduling Order deadline, however, are not governed by the liberal provisions of Rule 15(a), but instead, by the more restrictive provisions of Rule 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

Regarding motions to supplement, "[t]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Unlike amendments, a party supplements its pleading under Rule 15(d) "to file additional causes of action based on facts that didn't exist when the original complaint was filed." *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). District courts have "broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (citing Fed. R. Civ. P. 15, advisory committee's note). Because Rule 15(d)'s purpose is to promote "judicial economy and convenience," supplementation of a complaint is generally "favored." *Id.* Rule 15(d), however, does not permit introduction of a "separate, distinct and new cause of action." *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Nevertheless, like Rule 15(a), courts typically "liberally construe Rule 15(d) absent a showing of prejudice to the defendant." *Keith*, 858 F.2d at 475 (citation omitted).

"The five factors commonly used to evaluate the propriety of a motion for leave to amend (and thus, a motion to supplement) are: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the

**MEMORANDUM DECISION AND ORDER - 4**

opposing party, and (5) futility of the amendment." *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

B.     **Rule 20 - Permissive Joinder**

In addition to Rule 15's requirements, motions to amend or supplement that seek to add new parties to the lawsuit must also satisfy the requirements for permissive joinder under Rule 20. *See Desert Empire Bank v. Ins. Co. of North America*, 623 F.2d 1371, 1374 (9th Cir. 1980); *Singleton v. Kernan*, No. 3:16-cv-2462-BAS-NLS, 2017 WL 4021536, at *3 (S.D. Cal. Sept. 12, 2017). "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citing *Guedry v. Marino*, 164 F.R.D. 181, 185 (E.D. La. 1995)). Under Rule 20, new defendants may be permissively joined to an action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "Even once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank*, 623 F.2d at 1375).

### III.  ANALYSIS

Bauer argues the liberal standard for supplementing pleadings under Rule 15 applies here, and that under that standard, his motion to supplement should be granted because it was not brought after undue delay, with dilatory motive, or in bad faith. Bauer also contends supplementation would not prejudice Defendants because the parties will likely not need to

MEMORANDUM DECISION AND ORDER - 5

conduct substantially more discovery. Consequently, in Bauer's view, any delay from supplementation would be slight and that any delay, by itself, does not constitute prejudice.

In opposition to the motion, McDonald and Ptashkin argue that because Bauer filed his motion to supplement after the deadline to amend pleadings in the Scheduling Order, he must satisfy the good-cause standard under Rule 16(b), rather than the liberal supplementation standard under Rule 15. McDonald and Ptashkin suggest that Bauer cannot show good cause exists to grant the motion because the supplemental allegations are not truly related to the operative complaint. In their view, supplementation would unduly delay this litigation by requiring further discovery and the addition of new attorneys, which in turn would prejudice Defendants.

The parties also dispute whether Rule 20 supports permissive joinder of Omodt and Rosedale. In Bauer's view, his supplemental allegations arise from the same transaction or occurrence as the operative complaint because they are part of the ongoing retaliation and defamation he has alleged. Bauer also suggests his claims against Omodt and Rosedale share common factual and legal questions with those in the operative complaint, such as whether certain legal advice he gave was valid and the cause and extent of his alleged damages. In response, McDonald and Ptashkin repeat that Bauer's claims against them are factually unrelated to those against Omodt and Rosedale and do not involve any common factual or legal questions.[1]

Although a close call, the Court will grant the motion to supplement. Bauer's supplemental complaint satisfies Rule 15(d), and permissive joinder of Omodt and Rosedale is appropriate under Rule 20.

---

[1] McDonald and Ptashkin alternatively request, in the event the Court grants the motion to supplement, that they be allowed to move for summary judgment under the current dispositive deadline. At the time of this request, the dispositive motion deadline was September 13, 2024. The deadline has since been extended. (Dkt. 113). Because of this intervening change, McDonald and Ptashkin's alternative request is denied without prejudice as moot.

**MEMORANDUM DECISION AND ORDER - 6**

A.  **Supplementing the Complaint**

As an initial point, Rule 16(b) does not apply to the motion to supplement. While Bauer filed his instant motion after the deadline to amend pleadings in the Scheduling Order, this deadline does not apply to motions to supplement. As Bauer rightly points out, the Scheduling Order expressly exempts supplemental pleadings from the amendment deadline. (Dkt. 75, ¶ 2). Therefore, the "good cause" standard is not triggered here, and Bauer must only satisfy the default standard for supplementation under Rule 15(d).

Under that standard, supplementation of Bauer's complaint is warranted. First, the motion to supplement does not appear to be brought in bad faith or to intentionally delay proceedings. Nor have Defendants argued otherwise. Second, supplementation promotes judicial economy. Allowing Bauer to supplement his complaint will admittedly delay this lawsuit to some extent: more discovery may be needed, and the addition of Omodt and Rosedale as defendants may require the involvement of new attorneys. Even with these delays, however, supplementation is more efficient than requiring Bauer to file a separate lawsuit. Indeed, resolving Bauer's dispute with the County in one action rather than two simplifies the judicial task, especially considering that, as discussed below, any separate lawsuit would share a similar factual background with the present action and involves at least one common factual or legal question with this case. Further, supplementation appears to be convenient to more than just Bauer, based on the County's withdrawal of its opposition to the motion. (Dkt. 91).

Supplementation will also not unduly prejudice McDonald and Ptashkin. While the Court understands Defendants' desire to resolve this lawsuit as soon as possible, delay alone does not constitute prejudice. *See United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991) (citation omitted) ("'[D]elay alone does not provide sufficient grounds for denying

leave to amend. . . .' The crucial factor is not length of delay, but prejudice."). Accordingly, although this lawsuit has been pending for over two years, the Court will not forgo the convenience and efficiency of supplementation simply to expedite proceedings. Moreover, even if delay did constitute prejudice, the length of delay caused by supplementation, if any, is uncertain at this time and still the subject of reasonable dispute by the parties. McDonald and Ptashkin believe significant discovery will be needed if supplementation is granted, but both Bauer and the County suggest otherwise. Therefore, because Defendants will not be prejudiced by supplementation, Bauer's motion to supplement satisfies Rule 15(d).

**B.     Permissive Joinder of Omodt and Rosedale**

The motion to supplement satisfies Rule 20 insofar as it attempts to join Omodt and Rosedale as defendants. The supplemental claims against Omodt and Rosedale arise from the same series of transactions or occurrences as those in the operative complaint. Claims arise from the same transaction or occurrence if they share "similarity in the factual background of a claim" or "arise out of a systematic pattern of events." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting *Coughlin*, 130 F.3d at 1350).

Here, the supplemental complaint adds claims against Omodt and Rosedale for defamation and violation of false-light privacy. These claims largely stem from Bauer's work with the County Fair Board and concern alleged statements and actions by Omodt and Rosedale in late 2023 and 2024. Of course, the supplemental allegations occurred after the events in the operative complaint and concern different legal advice given by Bauer. However, just because the supplemental allegations deal with differing episodes of alleged wrongdoing by different Defendants does not mean these allegations are not part of the same series of misconduct alleged against Defendants broadly. Indeed, while Bauer's claims against Omodt and Rosedale both concern new, discreet

instances of misconduct, they still fit within the same alleged pattern of retaliation and defamation against Bauer, culminating with Bauer being placed on involuntary administrative leave. Further, all of Bauer's claims—both old and new—share a similar factual background, including his work and responsibilities as a deputy prosecuting attorney for the County and his relationship to the BOCC. Thus, the new claims against Omodt and Rosedale can fairly be said to arise from the same series of transactions or occurrences as those in the operative complaint.

Permissive joinder of Omodt and Rosedale is also proper because all Defendants share at least one common question of law or fact. "Commonality under Rule 20(a)(1)(B) is not a particularly stringent test." *Walker v. Bryson*, No. 1:11-cv-01195-AWI-SKO, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012) (citing *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001). Rule 20 only requires a single common question, not multiple common questions. *Walker*, at *4 (citing Fed. R. Civ. P. 20). Here, Bauer has identified at least one question common to all Defendants: the cause and extent of his alleged damages. Indeed, the nature and extent of Bauer's alleged damages will arise for each of his claims, especially regarding any noneconomic damages he suffered. For example, in each of Bauer's four defamation claims against the individual Defendants, he alleges he suffered "ridicule and scorn, injury to his good name and professional standing, loss of public confidence, and other damages." (Dkt. 89-1, ¶¶ 108, 112, 123, 127). Bauer's due process § 1983 claim also alleges his professional reputation was adversely affected. (*Id.*, ¶ 97). Thus, resolution of a claim against each Defendant will, at the very least, require assessing Bauer's professional standing, public confidence, reputation, and the extent of any other emotional damage Bauer allegedly suffered.

Lastly, joinder of Omodt and Rosedale does not violate principles of fundamental fairness or prejudice Defendants. Again, the County does not oppose joinder of Omodt and Rosedale, and

**MEMORANDUM DECISION AND ORDER - 9**

as already explained, McDonald and Ptashkin have not shown they will be prejudiced. Accordingly, joinder of Omodt and Rosedale is appropriate.

## IV.  ORDER

**IT IS ORDERED that:**

1. The Motion for Leave to File Second Supplemental and Fifth Amended Complaint (Dkt. 88) is **GRANTED**. Plaintiff shall file the Second Supplemental and Fifth Amended Civil Complaint and Demand for Jury Trial (Dkt. 88-2) within seven (7) days from the issuance of this order.

DATED: September 24, 2024

Amanda K. Brailsford
U.S. District Court Judge